■ CHARLES HERTEL, Appellant, v MARTIN SCHWIMMER, Respondent. [612 NYS2d 240] —In an action pursuant to General Associations Law § 12, to enforce a fine imposed upon the defendant as a union member, the plaintiff appeals from an order of the Supreme Court, Nassau County (Murphy, J.), dated June 30, 1992, which denied his motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, the plaintiff's motion for summary judgment is granted, and the matter is remitted to the Supreme Court, Nassau County, for the entry of an appropriate judgment.

The plaintiff Hertel, the president of Local 38, Sheet Metal Workers' International Association (hereinafter the union), filed internal union charges against the defendant who was a union member and the investment manager of the Fringe

Benefit Funds of the union. The defendant was charged with violating article 17, section 1 (m), of the Constitution and Ritual of the Sheet Metal Workers' International Association, in that he engaged in conduct which "is detrimental to the best interests of this Association, or any subordinate unit thereof or which will bring said unions into disrepute". The union charges arose out of the defendant's Federal criminal RICO conviction concerning his misuse of union funds. The union charges were sustained, and the defendant was fined in the amount of one million dollars and expelled from membership in the union.

The plaintiff, as president of the union, commenced this action against the defendant pursuant to General Associations Law § 12, to recover the fine imposed by the union.

In his motion for summary judgment, the plaintiff submitted probative evidence that the union had complied with all the relevant provisions of the Constitution and Ritual of the Sheet Metal Workers' International Association, *viz.*, the defendant received notice of the charges and an opportunity to defend on the merits, and had defaulted.

The Supreme Court denied the motion for summary judgment without prejudice to renew, "upon papers which include the complete plea and sentence record of the proceedings involving the defendant in Federal Court".

Initially, we note that the defendant did not plead guilty, but rather was convicted in Federal court upon a jury verdict. More importantly, the plaintiff submitted excerpts from the defendant's examinations before trial in a prior Federal civil action commenced by the union, wherein the defendant admitted that he had been convicted of a criminal RICO violation involving the union's pension fund, and had been fined in "the millions of dollars".

The record indicates that the union fine imposed upon the defendant met the requirements set forth by the Supreme Court of the United States in *Scofield v NLRB* (394 US 423). In that case, the United States Supreme Court held that a union was free "to enforce a properly adopted rule which reflects a legitimate union interest, impairs no policy [which] Congress has embedded in the labor laws, and is reasonably enforced against union members who are free to leave the union and escape the rule" (*Scofield v NLRB, supra,* at 430; *see also, NLRB v Allis-Chalmers Mfg. Co.,* 388 US 175; *NLRB v Boeing Co.,* 412 US 67; *Madden v Atkins,* 4 NY2d 283; *Ballas v McKiernan,* 35 NY2d 14). Bracken, J. P., Miller, Joy and Altman, JJ., concur.