■ LEROY WILLIAMS, Appellant, v JESTINE G. ROPER, Respondent. [703 NYS2d 77] —Order of the Appellate Term of the Supreme Court, First Department, entered March 17, 1998, which reversed the judgment after trial of the Civil Court, New York County, Small Claims Part (Shirley Kornreich, J.), entered February 2, 1997, in favor of plaintiff and awarded judgment to defendant dismissing the action, unanimously reversed, on the law, without costs, and the judgment reinstated.

Plaintiff is treasurer and co-founder of the Roper Family Reunion, an unincorporated association organized in 1995 by defendant and co-founder Jestine G. Roper and others to bring together members of the Roper family. The organization deposited money from dues and fund raising activities in an account with Chemical Bank in Harlem. The account signatories were plaintiff, defendant and a chairperson, Mr. Isaiah Bly. The signatures of any two of these three persons were required to withdraw funds.

After discord developed, defendant Roper expressed the desire to distance herself from the organization. It was apparently resolved, at a meeting held June 29, 1996, that her name would be removed from the bank account. Therefore, on July 2, 1996, defendant and Mr. Bly went to the bank, ostensibly to effectuate the change in the account. While at the bank, however, a dispute arose, resulting in the withdrawal of the balance of $1436.10 in the form of a money order payable to the organization. Thereafter, the money order was used to open an account at the Dime Savings Bank in Brooklyn, also in the name of the association, but with defendant as the only signatory. Defendant used the funds for a family reunion picnic held in Brooklyn's Prospect Park, for which flyers were distributed to

the membership and which was undisputedly attended by over 50 family members.

On July 11, 1996, plaintiff commenced this action in the Small Claims Part of Civil Court, alleging that defendant took the money from the Chemical bank account without the association's consent and applied it to an unauthorized use. Following trial, the court found that defendant had converted the funds and awarded judgment to plaintiff, crediting the testimony of plaintiff and his witnesses but not the testimony given by defendant and her witness.

Appellate Term reversed and dismissed the complaint, one Justice dissenting. The majority found "no basis to cast defendant in damages on the evidence presented". Appellate Term faulted the scant record for omitting the "association's by-laws [and] minutes of resolutions", thus failing to support a finding that defendant's use of the money was "without proper authorization or, for that matter, that maintenance of the action itself was duly authorized by the association's governing board". The court concluded, "Given the unsatisfactory state of the record and the circumstances of this family squabble, a plaintiff's award neither achieves substantial justice nor is consonant with the rules of substantive law".

This Court agrees with the dissenting Justice that the conclusions of the Trial Judge, who credited the testimony of plaintiff's witnesses and found defendant's witness incredible, should be respected. Civil Court found that the money was withdrawn without the requisite signatures; that the funds, in the form of a money order, were to be used to open an account in another bank; that defendant seized the money order at the Chemical Bank branch office and opened the second account as the only signatory; and that defendant spent the money without authorization and without consulting plaintiff's officers.

"On a bench trial, the decision of the fact-finding court should not be disturbed upon appeal unless it is obvious that the court's conclusions could not be reached under any fair interpretation of the evidence, especially when the findings of fact rest in large measure on considerations relating to the credibility of witnesses" (*Claridge Gardens v Menotti*, 160 AD2d 544, 544-545). This standard applies with greater force to judgments rendered in the Small Claims Part, which is commanded to "do substantial justice between the parties according to the rules of substantive law" (CCA 1804). This provision has been interpreted to mean that "in general, alleged errors in the presentation of evidence or pleadings are not reviewable upon

* * * appeal as they are not a basis for reversal of a judgment" (*Blair v Five Points Shopping Plaza*, 51 AD2d 167, 169). Because there is ample support in the record, there is no basis to disturb the factual findings made by Civil Court (*cf.*, *Rollock v Gerald Modell Inc.*, 169 Misc 2d 663, 665 [small claims judgment must rest upon competent evidence]). Finally, we note that the power of the treasurer of an unincorporated association to bring suit on its behalf is conferred by statute (General Associations Law § 12; *Hertel v Schwimmer*, 204 AD2d 687). Concur—Sullivan, J. P., Nardelli, Rubin, Andrias and Friedman, JJ.