■ CHASE MANHATTAN BANK, N. A., Respondent, v EACH INDIVIDUAL UNDERWRITER BOUND TO LLOYD'S POLICY No. 790/004A89005, Appellants. [731 NYS2d 150] —Judgment, Supreme Court, New York County (Helen Freedman, J.), entered November 1, 2000, which, after a nonjury trial, awarded plaintiff the total sum of $1,707,285.80, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered June 19, 2000, which determined, *inter alia*, that defendants are not entitled to rescission of policy No. 790/004A89005, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

In this action by Chase Manhattan Bank to recover as a loss payee under an insurance policy issued by defendants to a courier company retained to transport checks and cash from certain of plaintiff's branch banks to its processing and distribution center, the trial court properly found that there was no agency relationship between Chase and the courier company's insurance broker and/or the broker for Lloyd's of London who had been selected by the courier company's broker to place the coverage. Indeed, plaintiff never retained the courier company's broker to act on its behalf, much less authorized that individual to furnish defendants or anyone else with any information. The fact that the bank required the courier company bidders to maintain six different types of insurance, including all-risk coverage against loss from any cause while the bank's property was in the courier's possession, was insufficient to create an agency relationship between itself and the courier company's broker (*see, Pensee Assocs. v Quon Indus.*, 241 AD2d 354, 359).

Defendants further challenge the determination by the trial court that the representations that had been made relating to check values were either true or sufficiently ambiguous not to be considered false and, in any event, that any misrepresentations were not material and that defendants did not, in issuing the policies, rely upon the purported misrepresentations. However, it is well settled that on a nonjury trial, the court's fact-finding will not be disturbed unless its conclusions could not have been reached under any fair interpretation of the evidence (*see, Thoreson v Penthouse Intl.*, 80 NY2d 490, 495;

*K.I.D.E. Assocs. v Garage Estates Co.*, 280 AD2d 251, 253; *Williams v Roper*, 269 AD2d 125, 126, *lv dismissed* 95 NY2d 898), which is simply not the situation here. Concur—Lerner, J. P., Rubin, Saxe and Marlow, JJ.