*34 OPINION OF THE COURT
Memorandum.
Judgment reversed without costs and judgment directed to be entered in favor of plaintiff in the principal sum of $2,200.
After vacating the apartment she had rented from defendant for 13 years, plaintiff commenced this small claims action to recover her $2,200 security deposit, plus interest thereon. Defendant acknowledges that he was provided with a $2,200 security deposit, receiving $1,100 from plaintiff and $1,100 from her boyfriend, who vacated the apartment before plaintiff.
A review of the trial transcript provides no support for the implicit determination of the court below that plaintiff was not entitled to the return of the security deposit because defendant incurred at least $2,200 in expenses repairing the damage plaintiff allegedly caused to the apartment. To the extent the damages complained of were not attributable to normal wear and tear, defendant submitted no estimates or paid receipts at trial to prove the cost of his expenditures (see CCA 1804) and, therefore, he failed to prove the extent of his damages, if any. Thus, it cannot be said that the court’s conclusions could be reached under any fair interpretation of the evidence (cf. Williams v Roper, 269 AD2d 125 [2000]). In view of the foregoing, we find that substantial justice has not been done between the parties according to the rules and principles of substantive law (see CCA 1807).
We note that neither party is here arguing the position espoused in the dissenting opinion that plaintiff is entitled to a return of only half of the security deposit. Indeed, defendant seeks to defeat plaintiff’s claim to the entire security deposit only on the ground that he is entitled thereto as a setoff for damage to the apartment. In fact, the record indicates that on the day that plaintiff vacated the apartment, defendant offered to refund to her $1,700 of the $2,200 security deposit. We should not speculate as to matters regarding which the parties themselves have raised no issue, especially where, as here, the record indicates that plaintiffs boyfriend had, in the past, raised the issue of his entitlement to a portion of the security deposit with defendant, and was referred by defendant to plaintiff.
While, under the circumstances presented, plaintiff was entitled to the return of the $2,200 security deposit, she failed to prove her entitlement to interest on the deposit. A tenant is entitled to interest on a security deposit only where the lease *35 provides for same (see 1 Dolan, Rasch’s Landlord and Tenant— Summary Proceedings § 13:25, at 588 [4th ed]), or the apartment is rent stabilized (see Rent Stabilization Code [9 NYCRR] § 2525.4 [a]) or the building in which the apartment is located contains six or more family dwelling units (General Obligations Law § 7-103 [2-a]). Since plaintiff did not establish the existence of any of these factors, she failed to demonstrate that she was entitled to interest on her security deposit. Accordingly, the judgment is reversed and judgment is directed to be entered in favor of plaintiff in the principal sum of $2,200.
Golia, J. (concurring in part and dissenting in part, and voting to reverse the judgment and award plaintiff the sum of $1,100). In this small claims action in which claimant is seeking the return of her security deposit, it is undisputed that at the commencement of the tenancy she deposited $1,100 as security with defendant landlord, and her cotenant also deposited an equal amount. They then both jointly entered into possession of the premises.
After several years, the cotenant moved out and demanded the return of his security deposit from defendant. In fact, the cotenant sent defendant a letter in which he demanded the return of his $1,100 security deposit. That letter was entered into evidence, and defendant acknowledged that he did not return that money to the cotenant and told the cotenant to first talk to plaintiff.
Under these circumstances, it would constitute an unjust enrichment for this court to direct defendant to refund the cotenant’s security deposit to plaintiff in addition to her own security deposit to which she is entitled, leaving the landlord still liable to the cotenant to refund the cotenant’s portion of the security deposit under this tenancy. For me, it is inappropriate to expose defendant to liability as to the $1,100 security deposit of the cotenant, which is the same money that the landlord is being directed to pay to plaintiff. What recourse would the landlord then have is not answered by the majority.
The letter submitted into evidence makes it abundantly clear that the cotenant did not assign his rights to plaintiff and consequently still retains possessory interest over those funds. Had both tenants commenced an action as to their respective claims at the same time, I would then submit that the majority would have given judgment in the sum of $1,100 to each of them. The mere fact that the cotenant has not filed his claim as of this time should not affect the outcome of this plaintiff’s case, nor the cotenant’s case when commenced.
*36 I note that the majority raises three grounds to support their findings. First, that this court “should not speculate” as to matters not raised by the parties, such as restricting the return of only half of the security deposit. I submit the issue was raised, and further buttressed as shown by the cotenant’s letter which was introduced into evidence in the court below.
Second, the majority points to the fact that defendant made a settlement offer to pay $1,700 of the $2,200 deposit, which is clearly more than half. Offers of settlement by the defendant have no legal effect and therefore should play no part in this court’s determination. Even so, it is just as reasonable to find that the offer was for both defendant and her cotenant equally, that they shared the security deposit for the tenancy and likewise should share in the cost of the alleged damages occasioned by that tenancy, equally dividing the balance.
Finally, the majority notes that the cotenant previously demanded the return of his portion of the security deposit, which request was denied by defendant landlord with the suggestion that he speak to his cotenant. My colleagues either overlook the legal significance of this piece of evidence, or implicitly determine that the issue may have been resolved. Either determination, to me, is not based on the law or the facts herein.
Here, the cotenant has already made a failed effort to obtain the return of his portion of the security deposit by unequivocally stating that he desires the return of those funds to him. I can think of no countervailing argument that would support the majority in their decision to award plaintiff the money that rightfully belongs to plaintiffs cotenant.
Pesce, RJ., and Rios, J., concur; Golia, J., concurs in part and dissents in part in a separate memorandum.