2015-591 W CDr. Karen Gongora, Appellant,
against
Eye Gallery of Scarsdale, Respondent.



Appeal from a judgment of the Justice Court of the Village of Scarsdale, Westchester County (John H. Galloway, III, J.), entered January 30, 2013. The judgment, after a nonjury trial, dismissed the action.




ORDERED that the judgment is reversed, without costs, and the matter is remitted to the Justice Court for the entry of a judgment in favor of plaintiff in the principal sum of $224.
Plaintiff commenced this small claims action to recover a $750 deposit that she had given to defendant towards the purchase of a pair of eyeglasses, which cost $1,380. At a nonjury trial, plaintiff testified that, when she went to pick up the glasses, the lenses seemed very large and she refused to accept them. Although, according to defendant's witness, the lenses were what plaintiff had ordered, defendant immediately offered to make new lenses for plaintiff at no additional cost. Plaintiff refused this offer. After trial, the court dismissed the action.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UJCA 1807; see UJCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). Although the Justice Court did not specify why it was dismissing the action, its determination must have been based on a finding either that the glasses as made conformed to the contract and, thus, that plaintiff had wrongfully rejected them (cf. UCC 2-601), or that the glasses did not conform to the contract and that, after plaintiff had rightfully rejected them, she wrongfully refused defendant's attempt to cure the non-conforming tender (cf. UCC 2-508; see also Jeudy v High Point Furniture Corp., 23 Misc 3d 142[A], 2009 NY Slip Op 51035[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2009]; Patitucci v Consumers Warehouse Ctr., Inc., 17 Misc 3d 136[A], 2007 NY Slip Op 52288[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2005]). Since, under either scenario, plaintiff, as buyer, had breached the contract, plaintiff's right to the return of her $750 deposit is governed by UCC 2-718. 
Section 2—718 of the Uniform Commercial Code provides, in pertinent part, that, in the absence of a contractual provision with respect to the liquidation or limitation of damages and the return of deposits,
"(2) Where the seller justifiably withholds delivery of goods because of the buyer's breach, the buyer is entitled to restitution of any amount by which the sum of his payments exceeds
. . .
(b) . . . twenty per cent of the value of the total performance for which the buyer is obligated under the contract or $500, whichever is smaller.
(3) The buyer's right to restitution under subsection (2) is subject to offset to the extent that the seller establishes
(a) a right to recover damages under the provisions of this Article other than subsection (1), and
(b) the amount or value of any benefits received by the buyer directly or indirectly by reason of the contract."
Here, as acknowledged by both plaintiff and defendant, defendant's actual damages established at trial totaled $250, representing the cost of the lenses, which, unlike the frames, defendant could not resell. Defendant did not demonstrate any other damages resulting from the breach, nor did defendant establish that plaintiff had received any benefits directly or indirectly by reason of the parties' agreement (see UCC 2—718 [3]). Consequently, pursuant to UCC 2—718 (2) (b) and (3) (a), substantial justice (see UJCA 1804, 1807) requires that the judgment dismissing the action be reversed and judgment entered in favor of plaintiff in the principal sum of $224, representing plaintiff's $750 deposit, less the sum of $276, which is 20% of the value of the $1,380 contract (see UCC 2-718 [2] [b]), and less $250 in actual damages that defendant had established (see UCC 2-718 [3] [a]; cf. Feinberg v Bongiori Contr., 110 Misc 2d 379 [Suffolk Dist Ct 1981]).
Iannacci, J.P., and Tolbert, J., concur.
Decision Date: April 11, 2016