Jerry Telsey, Appellant, 
against
Harris Water Main & Sewer Contractors, Inc., Respondent.



Appeal from a judgment of the Civil Court of the City of New York, Kings County (Carol Ruth Feinman, J.), entered October 1, 2014. The judgment, after a nonjury trial, dismissed the action.




ORDERED that the judgment is affirmed, without costs.
In this small claims action to recover the principal sum of $2,800, plaintiff testified, at a nonjury trial, that he had had stagnant water in his building, and that, in an effort to cure the problem, he had entered into a contract with defendant to install a new water main for a price of $3,000. Defendant's workers began work by performing exploratory excavations. Based on their observations, defendant's workers contacted the New York City Department of Environmental Protection, which determined that the stagnant water on plaintiff's property had been caused by a problem at the adjoining premises, and that plaintiff's property did not require repairs. Defendant offered to terminate the job at that point and to charge plaintiff $200 less than the contract price, but, with plaintiff's agreement, defendant completed the job. Plaintiff claimed that defendant should have determined immediately that he did not need a new water main, while defendant's representative testified that commonly, in situations involving subsurface plumbing, the source of problems cannot be definitively established prior to performing excavations. Following the trial, the Civil Court dismissed the action.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (CCA 1807; see CCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). Furthermore, the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126). 
Upon a review of the record, we find that the judgment provided the parties with substantial justice according to the rules and principles of substantive law (see CCA 1804, 1807). Accordingly, the judgment is affirmed.
Weston, J.P., Aliotta and Elliot, JJ., concur.
Decision Date: May 05, 2016