2015-463 N CJoseph D. McCann, Appellant, 
against
David McSorley, Doing Business as McSORLEY CUSTOM YACHT CANVAS, Respondent.



Appeal from a judgment of the District Court of Nassau County, Second District (Joy M. Watson, J.), entered July 2, 2014. The judgment, after a nonjury trial, dismissed plaintiff's cause of action and awarded defendant the principal sum of $1,015.26 on his counterclaim.




ORDERED that the judgment is modified by vacating the provision dismissing plaintiff's cause of action and providing that plaintiff is awarded the principal sum of $700 thereon, and by reducing the award to defendant on his counterclaim to the principal sum of $280, resulting in a net judgment in favor of plaintiff in the principal sum of $420; as so modified, the judgment is affirmed, without costs.
Plaintiff commenced this small claims action to recover the $1,800 deposit that he had paid defendant towards the total cost of $3,320 for slipcovers for boat cushions that defendant allegedly had failed to timely deliver. Defendant counterclaimed to recover $3,800 for breach of contract, alleging that plaintiff had repudiated the slipcovers' contract and had refused to pay for the $280 in repairs that defendant had performed to the Bimini top on plaintiff's boat. After a nonjury trial, the District Court dismissed plaintiff's cause of action and awarded defendant $1,015.26 on his counterclaim. Plaintiff appeals.
In a small claims action, our review is limited to a determination of whether
"substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UDCA 1807; see UDCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). The record establishes that defendant had purchased the material for the slipcovers for $600, but had not yet fabricated them, when plaintiff informed defendant that he would not accept the slipcovers. Under the circumstances presented, we find that plaintiff's actions amounted to a repudiation of the contract pursuant to UCC 2-610 (see Tenavision, Inc. v Neuman, 45 NY2d 145 [1978]). Notwithstanding the fact that plaintiff, as buyer, breached the contract by his repudiation (see generally UCC 2-703), his right, if any, to the return of his $1,800 deposit is governed by UCC 2-718.
Section 2-718 of the Uniform Commercial Code specifies, in pertinent part, that, in the absence of a contractual provision with respect to the liquidation or limitation of damages and the return of deposits,
"(2) Where the seller justifiably withholds delivery of goods because of the buyer's [*2]breach, the buyer is entitled to restitution of any amount by which the sum of his payments exceeds
. . .
(b) . . . twenty per cent of the value of the total performance for which the buyer is obligated under the contract or $500, whichever is smaller.
(3) The buyer's right to restitution under subsection (2) is subject to offset to the extent that the seller establishes
(a) a right to recover damages under the provisions of this Article other than subsection (1), and
(b) the amount or value of any benefits received by the buyer directly or indirectly by reason of the contract."
A determination of the amount, if any, that plaintiff may recover of his deposit, requires that defendant's damages first be calculated (see UCC 2-718 [3]; 2-703). Uniform Commercial Code § 2-703 (c) provides, among other things, that where the buyer repudiates with respect to a part or the whole of the contract, then, with respect to any goods directly affected, the aggrieved seller may proceed under UCC 2-704 with respect to goods still unidentified to the contract. Uniform Commercial Code § 2-704 (2) states that "[w]here the goods are unfinished an aggrieved seller may in the exercise of reasonable commercial judgment for the purposes of avoiding loss . . . either complete the manufacture . . . or cease manufacture and resell for scrap or salvage value or proceed in any other reasonable manner."
Defendant established that he was unable to resell the material which he had purchased for the slipcovers, and, thus, suffered $600 in damages, representing the cost of the material. Although defendant alleged that he charges $80 as an hourly rate, he failed to establish the number of hours he had expended or the number he would have expended to complete the slipcover job and what his profit would have been. The record contains no evidence establishing any other damages (see UCC 2-718 [3] [a]), and defendant did not establish any benefit received by plaintiff directly or indirectly by reason of the contract (see UCC 2-718 [3] [b]). Consequently, with respect to plaintiff's cause of action, substantial justice (see UDCA 1804, 1807) requires that plaintiff be awarded his $1,800 deposit, less $500 (which is the smaller amount pursuant to UCC 2-718 [2] [b]), and less $600 in damages that defendant established pursuant to UCC 2-718 (3) (a), for a total award in the principal sum of $700 in favor of plaintiff on his cause of action.
With respect to defendant's counterclaim for breach of the contract to repair the Bimini top, substantial justice (see UDCA 1804, 1807) requires that defendant be awarded the principal sum of $280, representing the unpaid balance due for the repairs to the Bimini top. 
Accordingly, the judgment is modified by vacating the provision dismissing plaintiff's cause of action and providing that plaintiff is awarded the principal sum of $700 thereon, and by reducing the award to defendant on his counterclaim to the principal sum of $280, resulting in a net judgment in favor of plaintiff in the principal sum of $420.
Iannacci, J.P., and Tolbert, J., concur.
Decision Date: July 20, 2016