Chul Joo Lee, Appellant,
against
Modai Li and Rockaway Associates, Respondents.




Chul Joo Lee, appellant pro se.
Modai Li & Rockaway Associates, respondents pro se (no brief filed).

Appeal, on the ground of inadequacy, from a judgment of the District Court of Nassau County, Third District (Scott H. Siller, J.), entered April 10, 2015. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $850.




ORDERED that the judgment is modified by increasing the amount of the monetary award in favor of plaintiff to the principal sum of $5,000; as so modified, the judgment is affirmed, without costs.
Plaintiff, a month-to-month tenant following the expiration of a written lease, commenced this small claims action against his former landlords to recover the principal sum of $5,000, the monetary jurisdictional limit of the court, allegedly owed under a letter agreement pursuant to which plaintiff had vacated the premises. The parties had entered into a letter agreement dated July 17, 2014 whereby defendants agreed to return all of plaintiff's $2,800 security deposit and a "contribution" of $2,900 if plaintiff vacated the premises by August 18, 2014; it is undisputed that plaintiff did vacate by that date. Defendants did not return the security deposit or pay the agreed-upon "contribution," contending that they were entitled to set off the agreed-upon amounts due to damage they alleged plaintiff caused to the premises. Following a nonjury trial, the District Court awarded plaintiff the principal sum of $850, without setting forth any findings of fact.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UDCA 1807; see UDCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]).
Here, the letter agreement states that plaintiff is entitled to the return of his security deposit and a $2,900 contribution in return for vacating the premises by August 18, 2014, with no further conditions. The agreement thus waives any damages existing as of its execution. As defendants do not allege that any of the purported damage postdated their agreement to refund plaintiff's deposit, the judgment awarding plaintiff the sum of only $850 failed to render [*2]substantial justice between the parties (see UDCA 1804, 1807).
Accordingly, the judgment is modified by increasing the amount of the monetary award in favor of plaintiff to the principal sum of $5,000.
Marano, P.J., Iannacci and Garguilo, JJ., concur.
Decision Date: April 13, 2017