Wilson Pierre, Appellant,
against
Yusuf Yavuz, Respondent.




Wilson Pierre, appellant pro se.
Yusuf Yavuz, respondent pro se (no brief filed).

Appeal from a judgment of the District Court of Nassau County, Second District (Paul L. Meli, J.), entered April 3, 2017. The judgment, after a nonjury trial, dismissed the action.




ORDERED that the judgment is affirmed, without costs.
In this small claims action to recover the sum of $5,000, plaintiff alleges that defendant defectively installed a roof on plaintiff's house. After a nonjury trial, the District Court dismissed the action.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UDCA 1807; see UDCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). 
A review of the record indicates that plaintiff failed to establish his alleged damages. "Pursuant to UDCA 1804, an itemized bill or invoice, receipted or marked paid, or two itemized estimates to correct defendant's allegedly defective performance would be prima facie evidence of the reasonable value and necessity of such corrective repairs" (Weinstein v Cole, 57 Misc 3d 154[A], 2017 NY Slip Op 51606[U], *1-2 [App Term, 2d Dept, 9th & 10th Jud Dists 2017]). Plaintiff failed to submit these documents or to present expert testimony establishing the reasonable value and necessity of any corrective repairs (see Henderson v Holley, 112 AD2d 190 [1985]; Rodriguez v Mitch's Transmission, 32 Misc 3d 126[A], 2011 NY Slip Op 51225[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2011]; Correa v Midtown Moving, 4 Misc 3d 135[A], 2004 NY Slip Op 50798[U] [App Term, 1st Dept 2004]; see also Bertin v Bertin, 14 Misc 3d 144[A], 2007 NY Slip Op 50392[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2007]). While the testimony and documentary evidence indicated that defendant had installed a flat roof, plaintiff provided an invoice establishing the cost to replace a shingled roof. Consequently, in dismissing the action, the judgment provided the parties with substantial justice according to the [*2]rules and principles of substantive law (see UDCA 1804, 1807; Ross v Friedman, 269 AD2d 584; Williams v Roper, 269 AD2d 125).
Accordingly, the judgment is affirmed.
TOLBERT, J.P., BRANDS and RUDERMAN, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 13, 2018