Incorporated Village of Garden City, Appellant,
against
Irene Zambardino, Respondent.




Bee Ready Fishbein Hatter & Donovan, LLP (Andrew K. Preston of counsel), for appellant.
Lawrence, Worden, Rainis & Bard, P.C. (Roger B. Lawrence and Mary Beth Reilly of counsel), for respondent.

Appeal from an order of the District Court of Nassau County, First District (James M. Darcy, J.), dated June 19, 2017. The order granted defendant's motion for summary judgment dismissing the complaint and denied plaintiff's cross motion for summary judgment.




ORDERED that the order is affirmed, without costs.
In this commercial claims action, plaintiff, the Incorporated Village of Garden City (Village), seeks to recover the sum of $937.50 for fees assessed pursuant to Garden City Village Code chapter 90, entitled "Emergency Response Actions," for services that had been rendered by the Village's fire department in responding to an automobile accident. Defendant moved for summary judgment dismissing the complaint, and plaintiff cross-moved for summary judgment. The District Court granted defendant's motion and denied plaintiff's cross motion.
In a commercial claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UDCA 1807-A [a]; see UDCA 1804-A; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]).
Village of Garden City Code § 90-2 (A) states, in relevant part:
"Reimbursement to the Village for any expendable items used in any emergency response action, as defined in § 90-1 of this chapter, shall be made, after receipt of a bill from the Village for such items, by the following responsible party/parties within 45 days:
A. The owner or operator of any vehicle which is involved in a leak or spill of oil, [*2]gasoline or other hazardous material, whether stationary or in transit, whether accidental or through negligence."
Section 90-3 states:
"In addition to any reimbursements for expendable items, the Village may charge the responsible party/parties, as set forth in § 90-2 of this chapter, fees for services rendered or other technical assistance provided by the Village in response to any emergency response action as defined in this chapter. Fees for such services shall be as set from time to time by resolution of the Village Board of Trustees."
Notwithstanding the foregoing Code provisions, "[t]he general rule is that public expenditures made in the performance of governmental functions are not recoverable," which rule "is grounded in considerations of public policy" (Koch v Consolidated Edison Co. of NY, 62 NY2d 548, 560-561 [1984]; see also County of Erie v Colgan Air, Inc., 711 F3d 147, 150 [2013]). Koch notes that certain exceptions have been made to the free public services doctrine by "statutory enactment."
Plaintiff does not contend that the New York State Legislature enacted a relevant statutory exception to the common law rule. Instead, it contends that chapter 90 of the Village of Garden City Code is such a "statutory enactment." All of the Koch exceptions, however, involve statutes passed by the New York State Legislature. The Village Code, in contrast, was enacted by the Village's board of trustees and is not a "statutory enactment" in the ordinary sense. Village Law § 4-412 authorizes a Village's board of trustees to undertake a variety of actions for the protection and benefit of the village. The trustees' powers, however, are limited to actions that are "not inconsistent with a general law except as authorized by the municipal home rule law" (Village Law § 4-412 [1]). The Municipal Home Rule Law does not authorize a village to charge individuals for expenses related to the aftermath of automobile accidents. Thus, the free public services doctrine remains the applicable law, and the Garden City Village trustees had no authority to act inconsistently with it. Consequently, sections 90-2 (A) and 90-3 of the Village of Garden City Code are void as against public policy.
As the record supports the District Court's determination, we find that the order provided the parties with substantial justice according to the rules and principles of substantive law (see UDCA 1804-A, 1807-A [a]; Ross v Friedman, 269 AD2d 584; Williams v Roper, 269 AD2d 125).
Accordingly, the order is affirmed.
ADAMS, P.J., GARGUILO and RUDERMAN, JJ., concur. ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 07, 2019