Baroniunas v Lopipero (2020 NY Slip Op 50951(U))

[*1]

Baroniunas v Lopipero

2020 NY Slip Op 50951(U) [68 Misc 3d 130(A)]

Decided on August 20, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on August 20, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : THOMAS A. ADAMS, P.J., JERRY GARGUILO, ELIZABETH H.
EMERSON, JJ

2019-1043 N C

Bryan James Baroniunas, Appellant,
against
Peter Lopipero, Defendant, and Private Party Capital, LLC,
Respondent. 

Bryan James Baroniunas, appellant pro se.
Poulson Law, PLLC (Kiyam J. Poulson of counsel), for respondent.

Appeal, on the ground of inadequacy, from a judgment of the District Court of Nassau
County, Fourth District (Maxine Sonya Broderick J.), entered December 31, 2018. The judgment,
after a nonjury trial, awarded plaintiff the principal sum of $500.

ORDERED that the judgment is affirmed, without costs.
Plaintiff commenced this small claims action to recover the sum of $4,886.12, as a result of
defendants' alleged breach of a contract. Following a nonjury trial, the District Court awarded
plaintiff the principal sum of $500 as against defendant Private Party Capital, LLC. Plaintiff
appeals on the ground of inadequacy.
In a small claims action, our review is limited to a determination of whether "substantial
justice has . . . been done between the parties according to the rules and principles of substantive
law" (UDCA 1807; see UDCA 1804; Ross v Friedman, 269 AD2d 584 [2000];
Williams v Roper, 269 AD2d 125, 126 [2000]).
"The essential elements of a breach of contract cause of action are the existence of a contract,
the plaintiff's performance under the contract, the defendant's breach of that contract, and
resulting damages" (Liberty Equity
Restoration Corp. v Maeng-Soon Yun, 160 AD3d 623, 626 [2018] [internal quotation
marks and citations omitted]). As, upon a review of the record, [*2]we find that plaintiff failed to prove a breach of contract, he failed
to establish that he had a right thereunder to any damages (see Macri v Vandermark, 16 Misc 3d 134[A], 2007 NY Slip Op
51511[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2007]). Since we find no support for
the award to plaintiff of the sum of $500, substantial justice (see UDCA 1804, 1807)
does not require that the award to plaintiff be increased (see e.g. Faison v Institution for Community Living, Inc., 64 Misc 3d
146[A], 2019 NY Slip Op 51354[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2019]; Kataev v Royal Luxury Limo,
LLC, 59 Misc 3d 146[A], 2018 NY Slip Op 50760[U] [App Term, 2d Dept, 9th &
10th Jud Dists 2018]).
In light of the fact that Private Party Capital, LLC did not cross-appeal, we affirm the
judgment.
ADAMS, P.J., GARGUILO and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 20, 2020