Joseph v Neverson (2020 NY Slip Op 51113(U))

[*1]

Joseph v Neverson

2020 NY Slip Op 51113(U) [69 Misc 3d 126(A)]

Decided on September 4, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on September 4, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MICHELLE WESTON, J.P., DAVID ELLIOT, BERNICE D. SIEGAL, JJ

2018-2200 K C

Patrick Joseph, Respondent, 
against
Leaon Neverson, Appellant. 

Coren Law Group, P.C. (Steven M. Coren of counsel), for appellant.
Patrick Joseph, respondent pro se (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Lorna J.
McAllister, J.), entered October 3, 2018. The order denied defendant's motion to vacate a
judgment of that court entered September 12, 2018 upon defendant's failure to appear for
trial.

ORDERED that the order is affirmed, without costs.
In this small claims action, plaintiff seeks to recover the principal sum of $5,000 for
"defective repairs." Defendant failed to appear for trial on February 18, 2016, and, following an
inquest, plaintiff was awarded a default judgment in the principal sum of $5,000. Thereafter,
defendant's motion to vacate the default judgment was denied on the ground of defendant's
nonappearance, apparently on the return date of the motion, May 31, 2018. The Civil Court
granted defendant's subsequent motion to vacate the February 18, 2016 default judgment and set
the matter down for trial on September 12, 2018. On September 12, 2018, the Civil Court
directed that an inquest be conducted, and, following the inquest, the court found that plaintiff
was entitled to recover the amount for which he had sued, $5,000. Defendant moved to vacate the
September 12, 2018 default judgment and stated, as his excuse for failing to appear for trial on
September 12, 2018, that he had been sick, but also that he had appeared in court "on the 18th."
Defendant appeals from an order of the Civil Court entered October 3, 2018, which denied
defendant's motion.
A defendant seeking to vacate a default judgment on the ground of excusable default is
required to demonstrate both a reasonable excuse for the default and a meritorious defense
(see CPLR 5015 [a]; Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d
138, 141 [1986]). In the case at bar, defendant failed to sufficiently establish a reasonable excuse
for his default. Consequently, this court need not consider whether defendant demonstrated a
potentially meritorious defense to the action (see Bank of Am., N.A. v Welga, 157 AD3d
753 [2018]).
Accordingly, as the order rendered substantial justice "between the parties according to the
rules and principles of substantive law" (CCA 1807; see CCA 1804; Ross v
Friedman, 269 [*2]AD2d 584 [2000]; Williams v
Roper, 269 AD2d 125, 126 [2000]), the order is affirmed.
WESTON, J.P., ELLIOT and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: September 4, 2020