Burris v Masaryk Towers Corp. (2020 NY Slip Op 51154(U))

[*1]

Burris v Masaryk Towers Corp.

2020 NY Slip Op 51154(U) [69 Misc 3d 130(A)]

Decided on October 2, 2020

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 2, 2020
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Cooper, Higgitt, JJ.

&em;

Tondalisa Burris, 
 Plaintiff-Respondent,
against
Masaryk Towers Corporation,
Defendant-Appellant.

Defendant appeals from a judgment of the Small Claims Part of the Civil Court of the City of
New York, New York County (Dakota D. Ramseur, J.), entered July 25, 2019, after trial, in favor
of plaintiff in the principal sum of $2,625.

Per Curiam.
Judgment (Dakota D. Ramseur, J.), entered July 25, 2019, modified by vacating the damage
award and directing a new trial on the issue of damages only; as modified, judgment affirmed,
without costs.
The trial court achieved "substantial justice" consistent with substantive law principles
(see CCA 1804; Williams v Roper, 269 AD2d 125, 126 [2000], lv dismissed
95 NY2d 898 [2000]), in resolving the liability aspect of this small claims action in plaintiff's
favor, since the evidence permits a finding that defendant wrongfully breached the parties'
written agreement regarding plaintiff's use of the "Community Room" in defendant's building.
Based upon the evidence as a whole, the trial court was warranted in finding that plaintiff did not
commit "objectionable conduct" under Article 8 of the agreement by misrepresenting the
"purpose" of the event to be held in the room. The court could rationally conclude that plaintiff's
scheduled meet and greet event was a "social function for the invited guests of [plaintiff]," as that
term is used on defendant's preprinted contract.
The damages award is not sustainable, however. After expressly informing the parties at trial
that damages for a deposit allegedly made to a restaurant for food would not be awarded, and
curtailing defendant's defense on this issue, the court "reconsidered" the issue after the trial was
concluded and awarded plaintiff those and other damages. The ends of "substantial justice" will
best be served by affording the parties a new trial on damages, at which defendant will have a full
opportunity to counter plaintiff's damage claims (see e.g. Amankwa v Eastchester Hgts.,
L.P., 41 Misc 3d 138[A], 2013 NY Slip Op 51923[U] [App Term, 1st Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 2, 2020