Escoffier v Goldberg, Scudieri & Lindenberg, P.C. (2020 NY Slip Op
51167(U))

[*1]

Escoffier v Goldberg, Scudieri & Lindenberg, P.C.

2020 NY Slip Op 51167(U) [69 Misc 3d 131(A)]

Decided on October 5, 2020

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 5, 2020
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Cooper, Higgitt, JJ.

570132/20

Dana Escoffier, as Administrator of the
Estate of Lovey Branham, Plaintiff-Appellant,
against
Goldberg, Scudieri and Lindenberg, P.C.,
Defendant-Respondent.

Plaintiff appeals from a judgment of the Small Claims Part of the Civil Court of the City of
New York, New York County (Debra Rose Samuels, J.), entered July 24, 2018, which granted
defendant's motion to dismiss the action at the close of plaintiff's case.

Per Curiam.
Judgment (Debra Rose Samuels, J.), entered July 24, 2018, affirmed, without costs.
The trial court correctly dismissed the action at the close of plaintiff's case. Even affording
plaintiff every favorable inference that reasonably could be drawn from the evidence adduced at
trial (see Szczerbiak v Pilat, 90 NY2d 553, 556 [1997]), we agree that he failed to
establish a prima facie case of legal malpractice against defendant, a law firm that represented
him as administrator of the estate of his deceased mother in a summary proceeding for unpaid
maintenance arrears. The trial court considered and rejected the alleged instances of legal
malpractice and the court's findings and conclusions are supported by the record. Thus, we find
that the judgment provided the parties with substantial justice according to the rules and
principles of substantive law (CCA 1804, 1807; Williams v Roper, 269 AD2d 125, 126
[2000], lv dismissed 95 NY2d 898 [2000]). The trial record does not support plaintiff's
contention that he was deprived of a fair trial by virtue of the manner in which the trial judge
conducted the proceeding.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 5, 2020