Laspata v Big Bus Tours N.Y. (2021 NY Slip Op 50931(U))

[*1]

Laspata v Big Bus Tours N.Y.

2021 NY Slip Op 50931(U) [73 Misc 3d 129(A)]

Decided on October 1, 2021

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 1, 2021
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Brigantti, Hagler JJ.

570053/21

Matthew S. Laspata, Plaintiff-Appellant,
against
Big Bus Tours New York,
Defendant-Respondent.

Plaintiff appeals from a judgment of the Small Claims Part of the Civil Court of the City of
New York, New York County (Sabrina B. Kraus, J.), entered on or about March 3, 2020, after
trial, in favor of defendant dismissing the action.

Per Curiam.
Judgment (Sabrina B. Kraus, J.), entered on or about March 3, 2020, affirmed, without
costs.
The trial court accomplished "substantial justice" in dismissing plaintiff's claim against his
employer for alleged improper cancellation of health insurance (see CCA 1804, 1807). A
fair interpretation of the evidence supports the court's finding that defendant was not responsible
for plaintiff's failure to re-enroll in the health insurance plan during the open enrollment period.
Plaintiff's own testimony established that employees were required to re-enroll in the plan
themselves. Although plaintiff informed defendant that he was having difficulty in attempting to
re-enroll online, the credited evidence showed that plaintiff failed to follow defendant's
subsequent instructions to attend an in-person registration session or to follow up with the human
resources department. Particularly in the context of small claims cases, the decision of the
fact-finding court is entitled to deference where it rests in large measure on considerations
relating to the credibility of witnesses (see Williams v Roper, 269 AD2d 125 [2000],
lv dismissed 95 NY2d 898 [2000]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 1, 2021