Wyche v BMW Manhattan (2024 NY Slip Op 50320(U))

[*1]

Wyche v BMW Manhattan

2024 NY Slip Op 50320(U)

Decided on March 25, 2024

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 25, 2024
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Tisch, J.P., James, Perez, JJ.

570012/24

David Wyche, Plaintiff-Appellant,
against
BMW Manhattan, Defendant-Respondent.

Plaintiff appeals from a judgment of the Small Claims Part of the Civil Court of the City of New York, New York County (Judy H. Kim, J.), entered on February 26, 2019, after trial, in favor of the defendant dismissing the action.

Per Curiam.
Judgment (Judy H. Kim, J.), entered on February 26, 2019, affirmed, without costs.
A judgment rendered in the Small Claims Part of the Civil Court will be sustained on appeal unless it is shown that "substantial justice" has not been done between the parties according to the rules and principles of substantive law (CCA 1807). Applying this narrow standard of review (see Williams v Roper, 269 AD2d 125, 126-127 [2000], lv dismissed 95 NY2d 898 [2000]), we find no basis to disturb the judgment of the trial court dismissing plaintiff's claim. A fair interpretation of the evidence supports the finding that plaintiff failed to establish that his automobile accident was proximately caused by a defect in his vehicle's tires for which defendant was responsible.
The prior order granting defendant's motion to vacate the default judgment did not constitute a denial of substantial justice (see Grossfield v Gabriel Mgt. Corp., 5 Misc 3d 128[A], 2004 NY Slip Op 51247[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2004]), given that defendant set forth an excuse for the isolated default and a meritorious defense to plaintiff's claim. 
Plaintiff's remaining contentions have been considered and rejected.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: March 25, 2024