Tijani v Emirates Airlines (2024 NY Slip Op 51566(U))

[*1]

Tijani v Emirates Airlines

2024 NY Slip Op 51566(U)

Decided on November 18, 2024

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 18, 2024
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Brigantti, James, JJ.

570430/24

Sharifa S. Tijani, Plaintiff-Respondent, 
against
Emirates Airlines, Defendant-Appellant.

Defendant, as limited by its brief, appeals from that portion of a judgment of the Small Claims Part of the Civil Court of the City of New York, Bronx County (Brenda Rivera, J.), entered September 26, 2023, after trial, which awarded plaintiff damages in the principal sum of $10,000.

Per Curiam.
Judgment (Brenda Rivera, J.), entered September 26, 2023, modified to reduce plaintiff's recovery to the principal sum of $1,729.85, as modified, judgment affirmed, without costs.
The trial court achieved "substantial justice" consistent with substantive law principles (see CCA §§ 1804, 1807; see also Williams v Roper, 269 AD2d 125, 126 [2000], lv dismissed 95 NY2d 898 [2000]) in resolving the liability aspects of this small claims action in plaintiff's favor, since the evidence permits a finding that the defendant-airline was liable for missing items in plaintiff's luggage.
However, the court should have limited defendant's liability for the loss in accordance with the provisions of Article 22(2) of the Montreal Convention (see Convention for International Carriage by Air, Art 22[2], May 28, 1999, reprinted in S Treaty Doc No. 106—45, 1999 WL 33292734, 1999 UST LEXIS 175), since plaintiff failed to make a special declaration of interest (Montreal Convention 22[2]; see Coppens v Aer Lingus Ltd., 2015 WL 3885742 [E.D.NY, June 22, 2015]) or show that the loss resulted from an act or omission of defendant's agents or employees "done with intent to cause damage or recklessly and with knowledge that damage would probably result" (Montreal Convention Article 22[5]; see Mallemat v Qatar Airways, 22 Misc 3d 130[A]; 2009 NY Slip Op 50125[U] [App Term, 1st Dept 2009]; Ezeigwe v North Am. Airlines, 22 Misc 3d 132[A], 2009 NY Slip Op 50205[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]). Accordingly, the judgment is modified to reflect the value of 1,288 Special Drawing Rights at the time the judgment was rendered, which is $1,729.85 (see [*2]Montreal Convention, Art 22[2]; see also 85 Fed Reg 3104-02, *3015, 2020 WL 244123 [January 17, 2020]).
Contrary to the conclusion reached below, plaintiff did not raise any issue regarding an alleged lack of notice of liability limits. In any event, the failure to give notice does not preclude application of the Montreal Convention (see Booker v BWIA W. Indies Airways Ltd., 307 F. App'x 491, 493 [2d Cir 2009]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: November 18, 2024