Rodriguez v City of New York Comptroller (2025 NY Slip Op 51430(U))

[*1]

Rodriguez v City of New York Comptroller

2025 NY Slip Op 51430(U)

Decided on September 15, 2025

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 15, 2025
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Brigantti, J.P., Tisch, James, JJ.

570709/25

Jose Rodriguez, Plaintiff-Appellant,
against
City of New York Comptroller, Defendant-Respondent.

Plaintiff appeals from a judgment of the Small Claims Part of the Civil Court of the City of New York, Bronx County (Jessica I. Bourbon, J.), entered on or about June 12, 2024, after trial, in favor of defendant dismissing the action.

Per Curiam.
Judgment (Jessica I. Bourbon, J.), entered on or about June 12, 2024, affirmed, without costs.
A judgment rendered in the Small Claims Part of the Civil Court will be sustained on appeal unless it is shown that "substantial justice has not been done between the parties according to the rules and principles of substantive law" (CCA 1807; see Williams v Roper, 269 AD2d 125 [2000], lv dismissed 95 NY2d 898 [2000]). Applying that limited standard of review here, we find no basis to substitute our judgment for that of the trial court in dismissing the action. The evidence, fairly interpreted, supports the trial court's determination that plaintiff failed to prove that he was entitled to damages from defendant for the loss of a movable barrier that he placed on a public sidewalk in front of his driveway. In addition, there was no credible proof of damages. We note, in this regard, that the barrier consisted of discarded wooden barricades, cones and a shopping cart strung together.
We have considered plaintiff's remaining contentions and find them to be without merit.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: September 15, 2025