Colleran v Volpe (2025 NY Slip Op 51967(U))

[*1]

Colleran v Volpe

2025 NY Slip Op 51967(U)

Decided on December 4, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 4, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TIMOTHY S. DRISCOLL, J.P., GRETCHEN WALSH, JOSEPH R. CONWAY, JJ

2024-1041 S C

Andrew Colleran, Appellant,
against
Salvatore Volpe, Respondent. 

Andrew Colleran, appellant pro se.
Puleo Delisle, PLLC (Edward C. Hansen, Esq.), for respondent (no brief filed).

Appeal from a judgment of the District Court of Suffolk County, Second District (Kenneth J. Lauri, J.), entered September 10, 2024. The judgment, after a nonjury trial, dismissed the action.

ORDERED that the judgment is affirmed, without costs.
Plaintiff commenced this small claims action to recover the principal sum of $5,000. At a nonjury trial, plaintiff testified that, after the sale of his home to defendant had closed, plaintiff remained in occupancy for 20 days pursuant to a possession agreement. The possession agreement provided that $10,000 of the purchase price was to be held in escrow, and that plaintiff was to pay defendant's per diem mortgage interest and taxes for the period while plaintiff was in occupancy, which sum would be deducted from the escrow amount and paid to defendant along with the costs of any damages caused to the property. Plaintiff testified that, during the 20 days of his occupancy, defendant and his contractors entered the premises, demolished the bathroom and discarded his personal belongings, which belongings, he estimated, cost $1,283. Plaintiff testified that, after he vacated the premises, he released $900 to defendant from the amount that had been held in escrow. Defendant testified that $1,996.80 should have been due for the 20 days plaintiff remained in occupancy, but that, under the circumstances, he accepted the lower amount. After the trial, the District Court (Kenneth J. Lauri, J.) dismissed the action.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UDCA 1807; see UDCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]).
As the parties had agreed that plaintiff could retain more of the escrow amount than he [*2]was otherwise entitled to, as compensation for the trespass and conversion, which torts formed the basis of this action, we find that, in dismissing the action, the District Court's judgment rendered substantial justice (see UDCA 1804, 1807).
Accordingly, the judgment is affirmed.
DRISCOLL, J.P., WALSH and CONWAY, JJ., concur.
ENTER:
Jennifer Chan
Acting Chief Clerk
Decision Date: December 4, 2025