Demianchuk v Nostrand Photo Lab Inc. (2026 NY Slip Op 50223(U))

[*1]

Demianchuk v Nostrand Photo Lab Inc.

2026 NY Slip Op 50223(U)

Decided on February 24, 2026

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 24, 2026
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: James, P.J., Brigantti, Alpert, JJ.

571673/25

Fedor Demianchuk, Plaintiff-Appellant,
againstNostrand Photo Lab Inc., Defendant.

Plaintiff appeals from that portion of a judgment of the Small Claims Part of the Civil Court of the City of New York, New York County (Allison R. Greenfield, J.), entered July 1, 2025, after trial, as limited his recovery of damages to the principal sum of $916.55.

Per Curiam.
Judgment (Allison R. Greenfield, J.), entered July 1, 2025, modified, to increase plaintiff's recovery to the principal sum of $9,926.55, as modified, judgment affirmed, without costs.
The trial court achieved "substantial justice" consistent with substantive law principles (see CCA §§ 1804, 1807; see also Williams v Roper, 269 AD2d 125, 126 [2000], lv dismissed 95 NY2d 898 [2000]) in resolving the liability aspects of this small claims action in plaintiff's favor. A fair interpretation of the evidence supports the finding that defendant-employer failed to pay plaintiff-employee the legal minimum wage for 2023 and 2014, entitling plaintiff to $760.28, plus the sum of $156.27 that had been improperly deducted from plaintiff's pay.
Plaintiff also established that he is entitled to damages in an amount greater than the $916.55 awarded to him. The record shows that wages for the first 40 hours that plaintiff worked, totaling $560, were improperly withheld. 
The record further establishes that defendant failed to provide plaintiff with the written notice of the employer's business information and the employee's salary information, including the employee's rate and frequency of pay, as required by Labor Law § 195 (1) (see 12 NYCRR § 146-2.2 [d] [the employer has the burden of proving compliance with the notification provision]). As a result, plaintiff is entitled to damages of $50 per day for 69 work days, totaling $3,450 (see Labor Law § 198 [1-b]).
Plaintiff also established that defendant failed to provide him with the statement required by Labor Law § 195 (3) with every payment of wages, setting forth, among other things, the dates of work covered by that payment of wages, and name, address and telephone number of employer. As a result, plaintiff is entitled to damages of $250 per day, for a total of $5,000 (see Labor Law § 198 [1-d]). Thus, substantial justice requires an increase in the damages award to [*2]the principal sum of $9,926.55.
We further note that because defendant did not show that it made "complete and timely payments of all wages due, [it] cannot avail [itself] of the affirmative defense against wage notice and statement claims in Labor Law § 198 (1-b) (i) and (1-d) (i)" (Ovalle Church St. Constr. Corp., 242 AD3d 493, 494 [2025]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: February 24, 2026