Levine v Xu-Kehrli

2026 NY Slip Op 50528(U)

April 15, 2026

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Digest-Index Classification: Courts—Small Claims—Substantial Justice

Catherine Levine, Plaintiff-Respondent,

v

Lili Xu-Kehrli, Defendant-Appellant.

Supreme Court, Appellate Term, First Department

Decided on April 15, 2026

570179/26

Present: Brigantti, J.P., Tisch, Alpert, JJ.

Defendant appeals from a judgment of the Small Claims Part of the Civil Court of the City of New York, Bronx County (Lauren L. Esposito, J.), entered November 25, 2024, after trial, in favor of plaintiff in the principal sum of $3,320.00 in the main action and limiting defendant's recovery on her counterclaim to the principal sum of $54.86.

[*1]

Per Curiam.

Judgment (Lauren L. Esposito, J.), entered November 25, 2024, affirmed, without costs.

The record establishes that the trial court applied the rules and principles of substantive law and accomplished "substantial justice" in awarding plaintiff a return of her security deposit in the main action and in limiting defendant's recovery on her property damage counterclaim (CCA §§ 1804, 1807; see Williams v Roper, 269 AD2d 125, 126 [2000], lv dismissed 95 NY2d 898 [2000]). A fair interpretation of the evidence supports the court's finding that plaintiff was entitled to a full return of the security deposit because defendant failed to provide plaintiff with an itemized statement detailing the basis for retention of the deposit within 14 days of plaintiff's vacatur of the apartment, as required by General Obligations Law § 7-108 [1-a] [e] (see Urban v Zipper, 241 AD3d 1186, 1187 [2025]; Cohen v Abruzzo, 228 AD3d 724 [2024]).

With respect to the property damage counterclaim, we find no cause to disturb the determination finding that the claimed damages, other than the door damaged by plaintiff's mover, were not "caused by" or the "responsibility" of plaintiff, a finding resting in large measure on the court's negative assessment of defendant's credibility (see Claridge Gardens v Menotti, 160 AD2d 544 [1990]). Particularly in the context of small claims cases, the decision of the fact-finding court is entitled to deference where it rests in large measure on considerations relating to the credibility of witnesses (see Williams v Roper, 269 AD2d at 126).

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

I concur I concur I concur

Decision Date: April 15, 2026