Janera Monay Bell, Respondent,
against
Hazrat Hotaki, Appellant.




Hazrat Hotaki, appellant pro se.
Janera Monay Bell, respondent pro se (no brief filed).

Appeal from a judgment of the District Court of Nassau County, Second District (Paul L. Meli, J.), entered January 31, 2017. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $3,000 and dismissed defendant's counterclaim.




ORDERED that the judgment is affirmed, without costs.
Plaintiff commenced this small claims action to recover her $3,000 security deposit from defendant, her former landlord. Defendant counterclaimed to recover $3,000 for allegedly unpaid rent.
At a nonjury trial, plaintiff testified that when she had been informed by defendant that he was selling the building, she initiated talks with defendant regarding vacating the premises. Plaintiff further testified that there had been a water leak in her apartment which continued for several months. Plaintiff stopped paying her $1,500 monthly rent but agreed that, if defendant fixed the leak, she would pay her arrears. Moreover, the parties agreed that if plaintiff vacated the premises and removed her car, defendant would return plaintiff's $3,000 security deposit. Plaintiff stated that defendant did not fix the leak, and instead, turned off the hot water, so she did not pay the arrears, which at that time amounted to four months of rent, or $6,000. Plaintiff vacated the premises, and defendant tendered her a personal check in the sum of $3,000 but told her not to deposit it until she had removed her car from the driveway. Plaintiff removed her car the next day and deposited the check later that same day. She subsequently received a notification from her bank that the check had been dishonored because a stop payment order had [*2]been placed on it, which caused plaintiff to overdraw on her bank account.
Defendant testified that the parties had agreed that if defendant returned plaintiff's $3,000 security deposit, plaintiff would pay the four months of rent arrears, totaling $6,000. Defendant also testified that the leak was minor and that neither he nor his agents had turned off the water at any point.
Following the trial, the District Court awarded plaintiff the principal sum of $3,000 and dismissed defendant's counterclaim, without making any express findings of fact.
On appeal, defendant contends that plaintiff admitted that she had failed to pay rent for four months; that defendant had informed plaintiff when she had moved in that the property was for sale; and that a landlord has a right to apply a security deposit to unpaid rent. Defendant also makes various other claims which are dehors the record.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UDCA 1807; see UDCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). Furthermore, the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126).
Upon a review of the record, we find that the judgment provided the parties with substantial justice according to the rules and principles of substantive law (see UDCA 1804, 1807). With respect to the conflicting accounts of the leak, the lack of hot water, and, particularly, the agreement between the parties which resulted in defendant giving plaintiff a check for $3,000 and plaintiff immediately vacating the premises, the District Court implicitly found that plaintiff's testimony with regard to these matters was more credible than defendant's testimony. As the court's determination is supported by the record, the judgment is affirmed.
We note that this court will not consider any evidence which is dehors the record (see Chimarios v Duhl, 152 AD2d 508 [1989]).
ADAMS, P.J., GARGUILO and RUDERMAN, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 07, 2019