■ ALEXANDROS CHIMARIOS, Appellant, v BENJAMIN DUHL et al., Respondents and Third-Party Plaintiffs-Respondents. J & L WINDOWS, Third-Party Defendant-Respondent.—Order, Supreme Court, New York County (Harold Baer, J.), entered June 21, 1988, which granted plaintiff's motion for reargument but adhered to the court's prior February 16, 1988 decision granting defendants' motion to change venue from New York County to Westchester County, unanimously modified, on the law, the facts, and in the exercise of discretion, to the extent of denying defendants' motion for a change of venue, and otherwise affirmed, without costs.

The plaintiff, an employee of third-party defendant J & L Windows, fell from a ladder while installing a window in defendants' apartment building located in Westchester County. The plaintiff was taken to Westchester County Hospital where he was treated for his injuries suffered from the fall. This action was commenced by the plaintiff in the Supreme Court, New York County, where the defendants' principal place of business is located.

In connection with this appeal, the plaintiff requests leave of this court to file a supplemental record on appeal. To the extent that the plaintiff's proposed supplemental record is comprised wholly of information not available to the nisi prius court for its consideration, the motion is denied. *(Broida v*

*Bancroft,* 103 AD2d 88 [2d Dept 1984].) In turn, the defendants and the third-party defendant have moved to strike matter from the plaintiff's brief which is similarly dehors the record. This court is limited to a review of facts and information contained in the record and that which may be judicially noticed *(Broida v Bancroft, supra)*. The portions of plaintiff's reply brief that defendants request stricken fall into neither of these categories, therefore, the defendants' motion to strike is granted. Thus, in deciding the instant appeal, we do not take into consideration information contained within plaintiff's reply brief that is outside of the record.

Generally, the venue of a transitory action lies in the county where the cause of action arose. *(Slavin v Whispell,* 5 AD2d 296 [1st Dept 1958].) This rule is predicated on the notion of convenience for trial witnesses to be present at trial. *(Boriskin v Long Is. Jewish-Hillside Med. Center,* 85 AD2d 523 [1st Dept 1981].) The rule, however, is not inflexible and may be outweighed by other considerations that favor a different venue for the matter to be tried. *(Schneeweiss v Pelkey,* 138 AD2d 271 [1st Dept 1988].)

In a motion for change of venue under CPLR 510 (3), the movant has the burden of showing that the convenience of material witnesses would be better served by such a change. *(Stavredes v United Skates,* 87 AD2d 502 [1st Dept 1982].) There are, however, caveats to this exception. The movant must demonstrate that a preponderance of material witnesses reside in a different county from where the cause of action arose. *(McGuire v General Elec. Co.,* 117 AD2d 523 [1st Dept 1986].) An attorney's affirmation which fails to set forth the names and addresses of material witnesses who reside in a different county from where the action arose will not support a motion for change of venue. *(Boriskin v Long Is. Jewish-Hillside Med. Center, supra.)* Moreover, "witnesses whose convenience is required to be considered on an application for [a] change of venue * * * are those other than parties, their employees, and members of their families" *(Slavin v Whispell, supra,* at 298).

In this case, the defendants have not set forth the address or expected testimony of a single nonparty or nonemployee of a party material eyewitness or witness. The only two purported witnesses named by the defendants are employees at the building owned by the defendants. Their convenience, therefore, is not to be considered in deciding a motion to change venue. For these reasons, we find the trial court erred in granting defendants' motion for a change of venue under

CPLR 510 (3). Concur—Sullivan, J. P., Asch, Kassal and Rosenberger, JJ.