OPINION OF THE COURT
Memorandum.
Order unanimously affirmed without costs.
Plaintiff commenced the instant action to recover the sum of $2,176.29 in first-party no-fault benefits for medical supplies furnished to its assignor. Upon defendant’s failure to appear or answer, plaintiff moved for an order directing the clerk to enter a default judgment against defendant for the principal sum of $2,176.29, plus preset statutory attorney’s fees of 20% and statutory interest of 2% per month, which motion was unopposed. The motion was denied with leave to renew, the court finding that plaintiff failed to establish prima facie that defendant was liable to plaintiff’s assignor for first-party no-fault benefits.
CPLR 3215 (f) provides that upon an application for a default judgment, the applicant must file proof of service of the summons and the complaint, and “proof by affidavit made by the party of the facts constituting the claim, the default and the amount due.”
Generally, a plaintiff establishes a prima facie case of entitlement to no-fault benefits on a motion for summary judgment by proof of submission of a proper proof of claim (see Amaze Med. Supply v Eagle Ins. Co., 2 Misc 3d 128[A], 2003 NY Slip Op 51701[U] [App Term, 2d & 11th Jud Dists]). Proper proof of claim consists of either the completed statutory forms (11 NYCRR 65.15 [c] [3]) or their functional equivalent (11 NYCRR 65.15 [d] [5] [“insurer must accept proof of claim submitted on a form other than a prescribed form if it contains substantially the same information as the prescribed form”]) which must establish “proof of the fact and amount of [the] loss sustained” (Insurance Law § 5106 [a]).
Plaintiff contends that its submission of the statutory forms established “proof of the fact and the amount of [the] loss *38 sustained” and that the affidavit of its medical billing officer established a proper billing. Moreover, inasmuch as the damages sought were statutorily fixed, they were for a “sum certain or for a sum which can by computation be made certain” (CPLR 3215 [a]), and the court below therefore erred in denying its motion.
In our opinion, the submission to the court of the instant proofs of claim coupled with the affidavit of plaintiffs billing manager did not constitute sufficient proof of the “facts constituting the claim, the default and the amount due” (CPLR 3215 [f]), inasmuch as plaintiffs billing manager averred in the affidavit that the billing for the medical equipment had been set according to the Workers’ Compensation Law Fee Schedules. While fees for physicians’ services are governed by such schedules, fees for medical equipment and supplies are set by insurance regulation, specifically 11 NYCRR Appendix 17-C, part E (b) (1), which states that “[f]or medical equipment and supplies . . . provided by a physician or medical . . . supplier, the maximum permissible charge is 150 percent of the documented cost of the equipment to the provider.” Since the averment of plaintiffs billing manager is to the effect that billing (for the medical equipment) was set according to the Workers’ Compensation Law Fee Schedules, this statement was meaningless, and its inclusion in the affidavit raised an issue as to plaintiffs entitlement to the particular amount allegedly due. Thus the damages sought could no longer be deemed to be for a “sum certain or for a sum which can by computation be made certain” (CPLR 3215 [a]). Accordingly, upon the instant motion papers, the court’s denial of plaintiff’s motion was proper. Plaintiff may renew its motion for a default judgment upon a showing of compliance with CPLR 3215.
To the extent that at oral argument defense counsel submitted a portion of the transcript of the examination under oath of plaintiffs assignor, which indicated the possibility of a fraudulent claim by plaintiff, such evidence is dehors the record and, accordingly, we do not reach that issue (see Chimarios v Duhl, 152 AD2d 508 [1989]). We note, however, that defendant may, in an appropriate manner, raise the matter in the court below.
Pesce, PJ., Patterson and Golia, JJ., concur.