Navaratnam Sellathurai, Appellant, 
against
Mathew Geevarghese and MORTGAGE ENTERPRISE, Respondents.



Appeal from a judgment of the District Court of Nassau County, First District (Douglas J. Lerose, J.), entered September 4, 2014. The judgment, after a nonjury trial, dismissed the action.




ORDERED that the judgment is affirmed, without costs.
In this small claims action, plaintiff seeks to recover the principal sum of $5,000, based on a claim that he was charged excessive closing costs when he refinanced a mortgage. At a nonjury trial, plaintiff testified that, after he had applied to defendant Mortgage Enterprise for a $175,000 mortgage on an investment property, defendant Mathew Geevarghese made oral representations to him about the cost of the loan, and that he had also been provided with a good faith estimate of his closing costs, but that the amounts he had been charged at the closing had exceeded the estimated costs and had been excessive. Plaintiff confirmed that he had signed the documents that had been presented to him for signature at the closing, and that he had accepted the loan proceeds. However, following the closing, he perused the closing documents and became convinced that he had been overcharged. He also stated that, following the closing, he learned that an individual who had appeared at the closing as an attorney for defendant Mortgage Enterprise had actually been disbarred prior to the closing date. Additionally, plaintiff claimed that defendants had been required, but had failed, to provide him with a notice of a three-day right to rescind the mortgage. Plaintiff seeks in this action to recover a portion of the allegedly improper charges that he paid.
Defendants' witnesses claimed that, had plaintiff been dissatisfied with the terms of the loan, he could have adjourned the closing. They confirmed that the employee of the law firm that had represented them at the closing was not an attorney, but denied that he had held himself out as an attorney at the closing.
Following the trial, the District Court dismissed the action. 
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UDCA 1807; see UDCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). The determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 [*2]AD2d 510, 511 [1991]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126).
Since plaintiff took a mortgage on an investment property, and not on his principal dwelling, his contention that he was entitled to notice of a right to rescind the transaction is incorrect (see 15 USC § 1603 [1]; 12 CFR 226.23 [1]). To the extent that the District Court implicitly credited the testimony of defendants' witnesses over that of plaintiff, we find no basis in the record for concluding that the District Court's resolution was not based on a fair interpretation of the evidence. 
We note that we do not consider those factual assertions contained in the briefs, or materials annexed thereto, which are dehors the record, nor do we consider any arguments raised for the first time on appeal (see Chimarios v Duhl, 152 AD2d 508 [1989]).
As the judgment provided the parties with substantial justice (see UDCA 1804, 1807), the judgment is affirmed.
Marano, P.J., Tolbert and Brands, JJ., concur.
Decision Date: June 15, 2016