Victoria Costanza, Appellant,
against
Steve Delmar Enterprises Co., Inc., Respondent.



Appeal from a judgment of the District Court of Suffolk County, Second District (Carl J. Copertino, J.), entered July 14, 2014. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $1,675.




ORDERED that the judgment is affirmed, without costs.
At plaintiff's request, Albergo Delmar, a decorating company, ordered wallpaper for installation in plaintiff's home. After a dispute arose over Albergo Delmar's responsibility to plaintiff with respect to 14 rolls of wallpaper that had been left unused when the project had been completed, Steve Delmar, the husband of Albergo Delmar's principal, picked up the excess rolls from plaintiff, informed plaintiff that the wallpaper distributor would reimburse 65% of the cost of the wallpaper, and handed plaintiff a business card from his company, Steve Delmar Enterprises Co., Inc. Plaintiff commenced this small claims action against Steve Delmar Enterprises Co., Inc. to recover the value of the excess wallpaper. It is undisputed that plaintiff has not received any refund for the wallpaper and that the wallpaper was not returned to her prior to the commencement of this action.
On July 14, 2014, after a nonjury trial, the District Court issued a decision stating that plaintiff was awarded judgment in the amount of $1,675 and that defendant could avoid paying "the judgment" if it returned the wallpaper to plaintiff in new condition within 10 days of receipt of the court's decision. A judgment awarding plaintiff the principal sum of $1,675 was entered which, however, does not contain the condition set forth in the decision. Plaintiff appeals from the judgment.
In their briefs, both parties represent that, following the District Court's decision, defendant attempted to return the wallpaper to plaintiff. However, plaintiff contends that the wallpaper was not in new condition, while defendant argues that plaintiff cannot make that representation because she refused the delivery without opening the boxes. As these facts are dehors the record, they cannot be considered on this appeal (see Chimarios v Duhl, 152 AD2d 508 [1989]). In any event, the issue of defendant's alleged compliance with the court's decision is irrelevant to the determination of this appeal, since the judgment being appealed unconditionally awards plaintiff the principal sum of $1,675.
Plaintiff's only other argument on appeal is that the court's decision included a factual mistake. However, plaintiff has not asked this court to modify the judgment so as to award her [*2]any greater amount than is reflected in the judgment from which she appeals, and, in any event, the alleged mistake affords no basis to grant such relief.
We do not consider defendant's contention on appeal that the District Court erred in failing to dismiss the action against it, as defendant did not cross-appeal from the judgment (see Hecht v City of New York, 60 NY2d 57, 61 [1983]; Shaheen v Webster Realty Assoc., 16 AD3d 663 [2005]).
Accordingly, the judgment is affirmed. We note that defendant may, if it be so advised, move in the District Court to vacate the judgment on the basis of its alleged compliance with the condition of the decision.
Iannacci, J.P., Tolbert and Garguilo, JJ., concur.
Decision Date: February 08, 2017