Georgina Yaw, Appellant, 
against
Michaelle Hyppolite and Marla Henry-Nord, Respondents.




Georgina Yaw, appellant pro se.
Michaelle Hyppolite and Marla Henry-Nord, respondents pro se (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Steven Z. Mostofsky, J.), entered October 8, 2015. The order denied plaintiff's motion to vacate an arbitrator's award dismissing plaintiff's action and, in effect, a judgment of that court entered August 20, 2015 pursuant to the arbitrator's award.




ORDERED that the order is affirmed, without costs.
Plaintiff commenced this small claims action to recover $5,000 for "damages to personal property and loss of property and breach of agreement . . . on 02-28-2015." The parties agreed to submit the matter to arbitration and signed a "consent to arbitration," advising them that the arbitration award was final and that no appeal would be permitted. After the arbitration hearing, the arbitrator dismissed plaintiff's action and, on August 20, 2015, a judgment was entered pursuant to the arbitrator's award (see Uniform Rules for NY City Civ Ct [22 NYCRR] § 208.41 [n] [5]). Plaintiff subsequently moved to vacate the arbitrator's award and, in effect, the judgment entered pursuant thereto. Plaintiff appeals from the order denying her motion.
A party seeking to vacate a small claims arbitration award, and a judgment entered pursuant thereto, bears the burden of establishing, by clear and convincing evidence, one of the statutory grounds enumerated in CPLR 7511 (b) (see e.g. Matter of Arab v ATC Jewelers, Inc., 45 AD3d 588 [2007]; May v Scotto-D'Abusco, 31 Misc 3d 148[A], 2011 NY Slip Op 50987[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]; Benham v George, 28 Misc 3d 128[A], 2010 NY Slip Op 51190[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2010]). As plaintiff has failed to establish any statutory ground to warrant the vacatur of the arbitration award and, in effect, the judgment entered pursuant thereto, we find no basis to disturb the Civil Court's order.
We note that this court may not consider any evidence which is dehors the record (see Chimarios v Duhl, 152 AD2d 508 [1989]).
Accordingly, the order is affirmed.
WESTON, J.P., ALIOTTA and ELLIOT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: January 19, 2018