Mathew Olesen and Kathleen Olesen, Appellants,
against
Victoria Abruzzo and Amanda Abruzzo, Respondents.




Mathew Olesen and Kathleen Olesen, appellants pro se.
Victoria Abruzzo and Amanda Abruzzo, respondents pro se (no brief filed).

Appeal from a judgment of the District Court of Suffolk County, Fourth District (James F. Matthews, J.), entered December 16, 2016. The judgment, after a nonjury trial, dismissed the action.




ORDERED that the judgment is affirmed, without costs.
In this small claims action, plaintiffs, Mathew Olesen (Mathew) and his mother, Kathleen Olesen (Kathleen), seek to recover for the conversion of various personal items belonging to Mathew, including games, clothing, a bicycle, weight lifting accessories, a punching bag, and for $600 that had been loaned by Mathew to his grandmother for heating oil when he was living with her, for a total allegedly due of $4,905. Defendants are Kathleen's sister, Victoria Abruzzo, and Victoria's daughter, Amanda.
The evidence at a nonjury trial demonstrated that Mathew had been residing in his grandmother's home prior to her death, following which he had left the premises, leaving behind various possessions. Plaintiffs also asserted at trial that Mathew had loaned his grandmother $600 for home oil, which sum had never been repaid. Kathleen testified that her brother, Paul, is the executor of her mother's estate. Following the trial, the District Court dismissed the action, stating that plaintiffs "failed to establish by a preponderance of the evidence that defendants possessed any of the items named in the claim or that they owed either plaintiff any money for these items or for any other reason." 
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UDCA 1807; see UDCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). The determination of a trier of fact as to issues of credibility is given [*2]substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126). 
As the action was not brought against the executor of the estate, and as the evidence did not establish that defendants possessed any of the items allegedly converted, we find no basis to disturb the District Court's judgment, which provided the parties with substantial justice according to the rules and principles of substantive law (see UDCA 1804, 1807).
While plaintiffs contend that the trial court failed to consider the evidence annexed to plaintiffs' brief, the record fails to demonstrate that plaintiffs either attempted to have this evidence admitted or made a showing of how any of these documents demonstrate that defendants had the alleged items in their possession. As these documents are dehors the record, they cannot be considered on this appeal (see Chimarios v Duhl, 152 AD2d 508 [1989]).
Accordingly, the judgment is affirmed. 
MARANO, P.J., GARGUILO and RUDERMAN, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 22, 2018