Peta-Gaye Antoine, Respondent,
against
Kishore Malik, Appellant.


Kishore Malik, appellant pro se.
Peta-Gaye Antoine, respondent pro se (no brief filed).

Appeal from a judgment of the District Court of Suffolk County, Third District (James F. Matthews, J.), entered October 3, 2017. The judgment, upon a decision of that court dated May 22, 2017, after a nonjury trial, awarded plaintiff the principal sum of $4,500.
ORDERED that, on the court's own motion, the notice of appeal from the decision dated May 22, 2017 is deemed a premature notice of appeal from the judgment entered October 3, 2017 (see CPLR 5520 [c]); and it is further,
ORDERED that the judgment is affirmed, without costs.
This small claims action to recover the principal sum of $5,000 based on defendant's failure to return plaintiff's security deposit was submitted to arbitration, pursuant to Rules of the Chief Judge (22 NYCRR) part 28, following which plaintiff was awarded $500. Plaintiff thereafter demanded a trial de novo (see Rules of the Chief Judge [22 NYCRR] § 28.12). At the ensuing nonjury trial, the parties acknowledged that defendant had paid plaintiff $500. Plaintiff produced a letter from defendant stating that plaintiff had returned the keys to the premises, that defendant had conducted a walk-through of the premises, and that "and everything is fine, only small fixtures need to be fixed. I will return security after [I] deduct the expenses." Defendant submitted into evidence a paid invoice for painting the entire apartment and a receipt for five new wall plates.
Following the nonjury trial, the District Court found that plaintiff had established her entitlement to recover $5,000, less the $500 defendant had already paid, for a total of $4,500. Defendant argues for the first time on appeal that he failed to notice certain other damage to the premises before he signed the letter to plaintiff stating that he would return the security deposit.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UDCA 1807; see UDCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). Furthermore, the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126).
Upon a review of the record, we find that the judgment provided the parties with substantial justice according to the rules and principles of substantive law (UDCA 1804, 1807). We note that this court may not consider any evidence which is dehors the record (see Chimarios v Duhl, 152 AD2d 508 [1989]).
Accordingly, the judgment is affirmed.
MARANO, P.J., GARGUILO and RUDERMAN, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 20, 2018