Joan Cording, Respondent,
against
Lori Portelli, Appellant, and Joe Portelli, Defendant.




Lori Portelli, appellant pro se.
Joan Cording, respondent pro se (no brief filed).

Appeal from a judgment of the District Court of Suffolk County, First District (Vincent J.
Martorana, J.), entered March 23, 2017. The judgment, after a nonjury trial, awarded plaintiff the
principal sum of $1,770 as against defendant Lori Portelli.




ORDERED that the judgment is affirmed, without costs.
Following a nonjury trial in this small claims action to recover the principal sum of $5,000,
representing rent arrears and the cost of repairs made to the premises rented by defendants after
they had vacated, the District Court awarded plaintiff the principal sum of $1,770 as against Lori
Portelli (defendant). The court found that plaintiff had established her entitlement to recover
$2,730 for the repairs pursuant to a paid itemized bill, but deducted $600 for unenforceable late
fees, and $360 for the remainder of the security deposit. Defendant appeals, arguing that she
should have had an opportunity to review the bills relied upon by plaintiff prior to the trial; that
the bills did not represent the value of the work performed; and that certain repairs and costs had
been improperly charged to defendants, including damage to a kitchen counter and charges for
new locks.
In a small claims action, our review is limited to a determination of whether "substantial
justice has . . . been done between the parties according to the rules and principles of substantive
law" (UDCA 1807; see UDCA 1804; Ross v Friedman, 269 AD2d 584 [2000];
Williams v Roper, 269 AD2d 125 [2000]). Furthermore, the determination of a trier of
fact as to issues of [*2]credibility is given substantial deference,
as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses
affords it a better perspective from which to assess their credibility (see Vizzari v State of
New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]).
This deference applies with greater force to judgments rendered in the Small Claims Part of the
court (see Williams v Roper, 269 AD2d at 126).
"Disclosure shall be unavailable in small claims procedure except upon order of the court, on
showing of proper circumstances" (UDCA 1804). Here, there was no request for disclosure, and
no showing of proper circumstances was made. In addition, an itemized bill is "prima facie
evidence of the reasonable value and necessity of [the] services and repairs" (UDCA 1804). With
respect to the charges regarding the kitchen counter, plaintiff was not awarded any compensation
for those charges, as the District Court did not consider plaintiff's unpaid estimates. With respect
to the return of the keys and the resulting charges to install new locks, the District Court had the
opportunity to evaluate the evidence and found that plaintiff's testimony was more credible than
that of defendants. As the court's determination is supported by the record and provides the
parties with substantial justice (see UDCA 1804, 1807), the judgment is affirmed.
We note that this court will not consider any evidence which is dehors the record (see
Chimarios v Duhl, 152 AD2d 508 [1989]).
GARGUILO, J.P., MARANO and TOLBERT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 20, 2018