Crystal Ray Medical, P.C., as Assignee of Gloria Sanchez, Respondent, 
against
Metropolitan Property and Casualty Ins. Co., Appellant.




Bruno, Gerbino & Soriano, LLP (Nathan M. Shapiro of counsel), for appellant.
Gabriel & Shapiro, LLC (Max Valerio of counsel), for respondent.

Appeal from an order of the District Court of Suffolk County, Third District (James F. Matthews, J.), dated November 13, 2017. The order denied defendant's motion for summary judgment dismissing the complaint and granted plaintiff's cross motion for summary judgment.




ORDERED that the order is modified by providing that plaintiff's cross motion for summary judgment is denied; as so modified, the order is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved for summary judgment dismissing the complaint on the ground that plaintiff had failed to appear for duly scheduled examinations under oath (EUOs) and plaintiff cross-moved for summary judgment. By order dated November 13, 2017, the District Court denied defendant's motion and granted plaintiff's cross motion.
Defendant failed to establish its entitlement to summary judgment dismissing the complaint on the ground of plaintiff's failure to appear for EUOs, as defendant failed to demonstrate that it had timely sent initial and follow-up EUO scheduling letters with respect to the claims at issue. We note that we do not consider factual assertions or legal arguments raised [*2]for the first time on appeal (see Chimarios v Duhl, 152 AD2d 508 [1989]).
However, defendant correctly argues on appeal that plaintiff failed to establish its prima facie entitlement to summary judgment, since plaintiff did not establish either that defendant had failed to deny the claims at issue within the requisite 30-day period (see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 25 NY3d 498 [2015]), or that defendant had issued timely denial of claim forms that were conclusory, vague or without merit as a matter of law (see Westchester Med. Ctr. v Nationwide Mut. Ins. Co., 78 AD3d 1168 [2010]; Ave T MPC Corp. v Auto One Ins. Co., 32 Misc 3d 128[A], 2011 NY Slip Op 51292[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]). In view of the foregoing, neither party is entitled to judgment as a matter of law.
Accordingly, the order is modified by providing that plaintiff's cross motion for summary judgment is denied.
ADAMS, P.J., GARGUILO and EMERSON, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 21, 2019