Shore Towers, Inc., Respondent, 
against
Gail Abt, Appellant.




Gail Abt, appellant pro se.
Law Offices of Scott D. Gross (Scott D. Gross of counsel), for respondent.

Appeal from a final judgment of the Civil Court of the City of New York, Kings County (Hannah Cohen, J.), entered December 15, 2016. The final judgment, after a nonjury trial, awarded landlord possession in a licensee summary proceeding.




ORDERED that the final judgment is affirmed, without costs.
Landlord commenced this licensee summary proceeding (see RPAPL 713 [7]) in March 2016 to recover possession of a rent-stabilized apartment occupied by occupant Gail Abt, the daughter of Jesse Abt, the tenant of record for the premises, who had passed away in April 2015. In her pro se answer, occupant asserted, among other things, a right to succeed to the tenancy (see Rent Stabilization Code [9 NYCRR] [RSC] § 2523.5 [b] [1]).
At a nonjury trial, occupant testified that she had lived in the premises for approximately 20 years, moved out in 1994, and later moved back into the premises with her daughter in 2005; that she had remained there through 2009; that she had moved out of the premises when she had enrolled in school in the fall of 2009; and that she had moved back into the premises in May 2015, when she had graduated and after her father had died the previous month. Occupant claimed that during her more than 5½-year absence from the premises, including the entire pertinent two-year period before her father's death, she had "temporarily relocated" to a rent-stabilized apartment "across the street" to have a quiet place to complete her studies as a full-time student. The Civil Court found that occupant did not qualify for succession rights because she had not shared occupancy of the premises for any of the requisite two-year period preceding her father's death. The court noted that the purpose of RSC § 2523.5 (b) (1) would not be furthered by awarding occupant succession rights.
On appeal, occupant contends that the Civil Court misapplied the rules governing succession rights.
As the Civil Court correctly noted, the purpose of the Code's succession rights provision is to "spare[ ] family members the disruption of relocation at a time of emotional and possibly financial turmoil . . . [and] the need for continuity in possession" (quoting 245 Realty Assoc. v Sussis, 243 AD2d 29, 32 [1998] [internal quotation marks omitted]), a purpose which is clearly not applicable here. In an analogous case, where a family member claiming succession rights had lived in the premises and then had a lengthy absence due to incarceration, resulting in co-residence in the premises for only six months during the relevant two-year period, the court found that RSC § 2523.5 (b) could not be read so broadly as to allow succession rights under those circumstances (528 W. 123rd St. LLC v Baptiste, 59 Misc 3d 20 [App Term, 1st Dept 2018]). In Baptiste, the Appellate Term, First Department, found that allowing succession for this family member would not "serve to further the purpose of the Code's family succession provision, namely, to allow 'continuity in possession' by a qualified family member not named on the lease, or the Code's primary residence requirement, which was intended to alleviate the shortage of affordable housing in New York City by returning underutilized apartments to the marketplace" (id. at 21 [internal citations omitted]).
Here, occupant did not co-reside with the tenant of record for the two years immediately prior to the tenant of record's permanent vacatur from the premises. Although she was a full-time student, she lived "across the street" from the premises with her daughter, while her father had live-in home health aides. The record shows no sufficient reason why, solely due to her status as a student, occupant could not live in the premises during the pertinent two-year period. The purpose of RSC § 2523.5 (b) (2) (ii) is to allow temporary relocation so that the family member may live in student housing or attend a non-local school, not to live separately from the premises for a reason unrelated to status as a full-time student.
Occupant's remaining contentions are either without merit or based on matters that are dehors the record (see Chimarios v Duhl, 152 AD2d 508 [1989]).
Accordingly, the final judgment is affirmed.
PESCE, P.J., WESTON and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 29, 2019