Vielk Yvette Chery and John A. Chery, Respondents,
against
Jo Elizabeth Richards, Appellant. 




Jo Elizabeth Richards, appellant pro se.
Vielk Yvette Chery and John A. Chery, respondents pro se (no brief filed).

Appeal from a judgment of the District Court of Nassau County, Second District (Scott H. Siller, J.), entered January 24, 2018. The judgment, after a nonjury trial, awarded plaintiffs the principal sum of $2,900 and implicitly dismissed defendant's counterclaim.




ORDERED that the judgment is affirmed, without costs.
Plaintiffs commenced this small claims action to recover, among other things, a $2,900 security deposit that they had given defendant when they had rented defendant's house. Defendant counterclaimed seeking $1,905.70 for property damage, repairs, lost wages, late fees and early termination fees. Following a nonjury trial, the District Court awarded plaintiffs the principal sum of $2,900 and implicitly dismissed the counterclaim.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UDCA 1807; see UDCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). UDCA 1804 provides that an itemized bill or invoice, receipted or marked paid, or two itemized estimates for services or repairs "are admissible in evidence and are prima facie evidence of the reasonable value and necessity of such services and repairs."
It is uncontroverted that plaintiffs had provided defendant with a $2,900 security deposit, and it is well settled that a tenant's security deposit is the property of the person making the deposit (see General Obligation Law § 7-103) and must be returned at the conclusion of the tenancy unless there is proof that the tenant caused damage beyond what is attributable to ordinary wear and tear (see Mazzarelli v Moniaci, 21 Misc 3d 129[A], 2008 NY Slip Op [*2]51967[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2008]).[FN1]
Here, we need not determine whether plaintiffs had damaged the house beyond what is attributable to ordinary wear and tear, as, in any event, defendant failed to provide the court with proof of her damages. Moreover, a review of the record supports the court's implicit determination that defendant was not entitled to recover damages for lost wages or for late fees and early termination fees. Consequently, we find that the judgment provided the parties with substantial justice according to the rules and principles of substantive law (see UDCA 1804, 1807; Williams v Roper, 269 AD2d at 126). 

We note that we do not consider any materials which are dehors the record on appeal (see Chimarios v Duhl, 152 AD2d 508 [1989]), nor do we consider any arguments that are raised for the first time on appeal (see Joe v Upper Room Ministries, Inc., 88 AD3d 963 [2011]).

Accordingly, the judgment is affirmed.

ADAMS, P.J., TOLBERT and EMERSON, JJ., concur.
ENTER:

Paul Kenny

Chief Clerk

Decision Date: August 22, 2019



Footnotes

Footnote 1: It is noted that part M, section 25, of the Housing Stability and Tenant Protection Act of 2019 (L 2019, ch 36) codifies the common law rule that a landlord may not retain a security deposit for damage caused by ordinary wear and tear (see General Obligations Law § 7-108 [1-a] [b]). However, the statute applies only to actions and proceedings commenced on or after June 14, 2019 (see L 2019, ch 36, part M, § 29).