Anthony Belloise and Denise Belloise, Respondents,
against
Rose Locascio, Appellant.




Rose Locascio, appellant pro se.
Spaeth & Counsel, LLC (Max W. Spaeth of counsel), for respondents.

Appeal from a judgment of the City Court of Yonkers, Westchester County (Thomas R. Daly, J.), entered June 27, 2018. The judgment, after a nonjury trial, awarded plaintiffs the principal sum of $2,572.98.




ORDERED that the judgment is affirmed, without costs.
Plaintiffs commenced this small claims action to recover the principal sum of $4,500, representing a $2,600 security deposit, and $1,900 in attorney's fees that plaintiffs had incurred in seeking the return of their security deposit. After a nonjury trial, the City Court awarded plaintiffs the principal sum of $2,572.98, after a deduction of $527.02 for outstanding utility bills that plaintiffs owed defendant and a credit of $500 for reasonable attorney's fees due plaintiffs under the lease and Real Property Law § 234.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UCCA 1807; see UCCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). Furthermore, the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 [*2]AD2d 510, 511 [1991]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126).
Upon a review of the record and defendant's contentions on appeal, we find that the judgment provided the parties with substantial justice according to the rules and principles of substantive law (see UCCA 1804, 1807). The court's determination in favor of plaintiffs is supported by the record and is based in part on its implicit credibility findings.
We note that this court will not consider evidence which is dehors the record (see Chimarios v Duhl, 152 AD2d 508 [1989]).
Accordingly, the judgment is affirmed.
RUDERMAN, J.P., ADAMS and TOLBERT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 24, 2019