Nicaury A. Vargas, Respondent,
against
Stamatiki Tsafatinos, Appellant. 




Stamatiki Tsafatinos, appellant pro se.
Nicaury A. Vargas, respondent pro se (no brief filed).

Appeal from a judgment of the Civil Court of the City of New York, Kings County (Reginald A. Boddie, J.), entered August 27, 2015. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $1,336.62.




ORDERED that the judgment is affirmed, without costs.
In this small claims action, plaintiff seeks to recover $1,710, representing a portion of a security deposit given to defendant. At a nonjury trial, plaintiff testified that she and defendant had been in a landlord-tenant relationship and that defendant had failed to return any of her $3,420 security deposit, which equaled two months of rent at the rate agreed upon after the parties' initial one-year lease had expired. Plaintiff and her cotenant testified that they had left the apartment in a clean condition and in the condition that they had received the apartment before their three-year tenancy, but admitted that they had painted a wall dark purple and had not painted it back to white. Plaintiff also admitted that the last month of rent had not been paid, as plaintiff had understood that half of the security deposit would be her last month of rent, and therefore was seeking to recover only half of the security deposit. Defendant testified that various current conditions in the apartment had not existed before plaintiff and her cotenants lived in the apartment and that the apartment had been left very dirty and with abandoned personal property. Following the trial, the Civil Court awarded plaintiff the principal sum of $1,336.62. Defendant appeals.
On appeal, defendant contends that the damage to the apartment was beyond normal wear and tear. Defendant also makes various other arguments for the first time on appeal and submits documents that were not admitted at trial. 
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (CCA 1807; see CCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). Furthermore, the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126).
At trial, there was an issue of fact as to whether there was damage to the apartment beyond normal wear and tear, and the trial court implicitly found the testimony and evidence submitted by plaintiff and her witness to be credible. As the court's determination is supported by the evidence and there was no objection as to the specific amount awarded, we find that the judgment rendered substantial justice between the parties in accordance with the rules and principles of substantive law (see CCA 1804, 1807).
Defendant's other arguments and evidence are either raised for the first time on appeal (see Silver v Silver, 162 AD3d 937 [2018]; Copp v Ramirez, 62 AD3d 23 [2009]) or are dehors the record (see Chimarios v Duhl, 152 AD2d 508 [1989]), and will not be considered by this court.
Accordingly, the judgment is affirmed.
WESTON, J.P., ALIOTTA and SIEGAL, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 14, 2020