Luxor v Dilone (2020 NY Slip Op 51005(U))

[*1]

Luxor v Dilone

2020 NY Slip Op 51005(U) [68 Misc 3d 132(A)]

Decided on August 28, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on August 28, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., BERNICE D. SIEGAL, WAVNY
TOUSSAINT, JJ

2019-12 K C

Anthony Luxor, Appellant,
against
Gabriel Dilone, Respondent. 

Anthony Luxor, appellant pro se.
Gabriel Dilone, respondent pro se (no brief filed).

Appeal from a judgment of the Civil Court of the City of New York, Kings County
(Rosemarie Montalbano, J.), entered April 24, 2018. The judgment, after a nonjury trial,
dismissed the action.

ORDERED that the judgment is affirmed, without costs.
In this small claims action, plaintiff, defendant's former landlord, seeks $3,316.12 from
defendant for property damage, breach of the lease, and failure to pay rent. After a joint nonjury
trial with an action brought against another of plaintiff's former tenants from the same premises,
the Civil Court dismissed the action against defendant. 
In a small claims action, our review is limited to a determination of whether "substantial
justice has . . . been done between the parties according to the rules and principles of substantive
law" (CCA 1807; see CCA 1804; Ross v Friedman, 269 AD2d 584 [2000];
Williams v Roper, 269 AD2d 125 [2000]). Furthermore, the determination of a trier of
fact as to issues of credibility is given substantial deference, as a trial court's opportunity to
observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective
from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564
[1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with
greater force to judgments rendered in the Small Claims Part of the court (see Williams v
Roper, 269 AD2d at 126).
Although plaintiff claims that this action was improperly tried jointly with his action against
another of his tenants, plaintiff never objected to the consolidation for trial. Moreover, the only
prejudice he claims is that defendant and plaintiff's other former tenant were able to serve as
witnesses for each other. However, even if the cases had not been tried together, the former
roommates could still have called each other as witnesses. 
With respect to the propriety of the court's dismissal of plaintiff's action, we note that
plaintiff failed to establish his prima facie entitlement to recover for damage to his premises.
Plaintiff did not submit any evidence showing the condition of the house before defendant lived
in it, or any bills, invoices, or receipts for the alleged repairs. Indeed, plaintiff could not recall
[*2]the amounts he had allegedly spent in repairs, and admitted to
already having received some payments from defendant, as well as at least four of the other
tenants, for the alleged damage (see CCA 1804). In addition, at trial, there was an issue as
to whether plaintiff had breached the warranty of habitability. The trial court implicitly found the
evidence submitted by defendant and his former roommate to be more credible. As the court's
determination is supported by the record, we find that the judgment dismissing plaintiff's action
rendered substantial justice between the parties in accordance with the rules and principles of
substantive law (see CCA 1804, 1807).
Defendant's other arguments and evidence are either raised for the first time on appeal
(see Silver v Silver, 162 AD3d 937 [2018]; Copp v Ramirez, 62 AD3d 23 [2009])
or are dehors the record (see Chimarios v Duhl, 152 AD2d 508 [1989]), and will not be
considered by this court.
Accordingly, the judgment is affirmed.
ALIOTTA, P.J., SIEGAL and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 28, 2020