Nunez v 58-43 Penrod St., LLC (2020 NY Slip Op 51295(U))

[*1]

Nunez v 58-43 Penrod St., LLC

2020 NY Slip Op 51295(U) [69 Misc 3d 136(A)]

Decided on October 30, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 30, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MICHELLE WESTON, J.P., DAVID ELLIOT, BERNICE D. SIEGAL, JJ

2019-496 Q C

Belkis Nunez, Respondent, 
against
58-43 Penrod St., LLC, Appellant. 

58-43 Penrod St., LLC, appellant pro se.
Belkis Nunez, respondent pro se (no brief filed).

Appeal from a judgment of the Civil Court of the City of New York, Queens County
(Maurice E. Muir, J.), entered February 22, 2018. The judgment, after a nonjury trial, awarded
plaintiff the principal sum of $2,000.

ORDERED that the judgment is affirmed, without costs.
Plaintiff commenced this small claims action to recover the sum of $2,000, alleging that
defendant, her former landlord, had improperly withheld her security deposit and certain
property. Following a nonjury trial, a judgment was entered in favor of plaintiff in the principal
sum of $2,000, and defendant appeals.
In a small claims action, our review is limited to a determination of whether "substantial
justice has . . . been done between the parties according to the rules and principles of substantive
law" (CCA 1807; see CCA 1804; Ross v Friedman, 269 AD2d 584 [2000];
Williams v Roper, 269 AD2d 125 [2000]). Furthermore, the determination of a trier of
fact as to issues of credibility is given substantial deference, as a trial court's opportunity to
observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective
from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564
[1992]; Kincade v Kincade, 178 [*2]AD2d 510 [1991]).
This deference applies with greater force to judgments rendered in the Small Claims Part of the
court (see Williams v Roper, 269 AD2d at 126).
It is well settled that a tenant's security deposit remains the property of the person making the
deposit (see General Obligations Law § 7-103 [1]) and must be returned at the
conclusion of the tenancy absent proof, for example, that the tenant caused damage beyond what
is attributable to ordinary wear and tear (see Quijano v Rowinski, 64 Misc 3d 128[A],
2019 NY Slip Op 50990[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]; Pignatello v Dutchess Knolls, Inc., 51
Misc 3d 145[A], 2016 NY Slip Op 50736[U] [App Term, 2d Dept, 9th & 10th Jud
Dists 2016]). The Civil Court implicitly found that defendant failed to establish its entitlement to
retain the security deposit, and we find no basis in the record to disturb that finding. Furthermore,
plaintiff testified that defendant had improperly withheld a refrigerator that plaintiff had
purchased around the time when she moved into the apartment involved herein, and the trial
court credited that testimony. As the court's award in favor of plaintiff is supported by the record,
the judgment provided the parties with substantial justice according to the rules and principles of
substantive law (see CCA 1804, 1807). 
We note that evidence which is dehors the record has not been considered (see Chimarios
v Duhl, 152 AD2d 508 [1989]).
Accordingly, the judgment is affirmed. 
WESTON, J.P., ELLIOT and SIEGAL, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 30, 2020