Sharp v Long Is. Corporate Off. of Home Depot (2020 NY Slip Op
51557(U))

[*1]

Sharp v Long Is. Corporate Off. of Home Depot

2020 NY Slip Op 51557(U) [70 Misc 3d 132(A)]

Decided on December 24, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 24, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : THOMAS A. ADAMS, P.J., JERRY GARGUILO, ELIZABETH H.
EMERSON, JJ

2019-1158 N C

Ann Marie Sharp, Appellant,
against
Long Island Corporate Office of Home Depot, Respondent.

Ann Marie Sharp, appellant pro se.
Minchella & Associates, LLC (John E. Doran, Esq.), for respondent (no brief filed).

Appeal from an order of the District Court of Nassau County, First District (James M. Darcy,
J.), dated June 20, 2019. The order granted defendant's motion to dismiss the complaint.

ORDERED that the order is affirmed, without costs.
Plaintiff alleges in her complaint that she was deceived by a third party and induced into
purchasing five gift cards from defendant and then transferring the gift cards to the third party,
and that, several days after she had bought the gift cards, she learned that she had been defrauded
and reported the fraud to defendant and the police. Plaintiff premised her cause of action on the
failure of defendant's employees to inquire about her purpose in purchasing the gift cards, to
warn her about gift-card scams, or to limit the number of gift cards she could purchase, and
described her cause of action as sounding in negligence.
Defendant moved to dismiss the action, pursuant to CPLR 3211 (a) (1) and (7), contending
that the action was barred both because it had entirely redeemed all the gift cards plaintiff had
purchased before defendant had notice of the fraud, and because defendant did not have a duty of
care to inquire about plaintiff's purpose in purchasing the gift cards. Plaintiff opposed defendant's
motion. The District Court granted defendant's motion, finding that plaintiff had failed to state a
cause of action.
To establish a claim for negligence, a plaintiff must show that the defendant owed a duty to
the plaintiff, that defendant breached the duty, and that such breach was the proximate cause of
injury to the plaintiff (see Pasternack v Laboratory Corp. of Am. Holdings, 27 NY3d 817,
825 [2016]; Greenbaum v Bare Meats,
Inc., 178 AD3d 775, 776 [2019]). "If there is no duty of care owed by the defendant to
the plaintiff, there can be no breach and, consequently, no liability can be imposed upon the
defendant" (Greenbaum v Bare Meats, Inc., 178 AD3d at 776; accord [*2]Pasternack v Laboratory Corp. of Am. Holdings, 27 NY3d at
825). Here, we find that defendant did not owe plaintiff a duty of care to inquire about her
purpose in purchasing the gift cards, to warn her against potential scams, or to limit the number
of gift cards she could purchase. Thus, plaintiff did not have a cause of action against defendant
for negligence, and the District Court properly granted defendant's motion.
We note that we do not consider arguments raised for the first time on appeal (see
Chimarios v Duhl, 152 AD2d 508, 509 [1989]).
Accordingly, the order is affirmed.
ADAMS, P.J., GARGUILO and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 24, 2020