Sellathurai v Systematic Control, Inc. (2021 NY Slip Op 51198(U))

[*1]

Sellathurai v Systematic Control, Inc.

2021 NY Slip Op 51198(U) [73 Misc 3d 141(A)]

Decided on December 9, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 9, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TERRY JANE RUDERMAN, P.J., ELIZABETH H. EMERSON, TIMOTHY
S. DRISCOLL, JJ

2020-876 N C

Babujee Sellathurai, Appellant,
against
Systematic Control, Inc., Respondent. 

Babujee Sellathurai, appellant pro se.
Systematic Control, Inc., respondent pro se (no brief filed).

Appeal from a judgment of the District Court of Nassau County, First District (Martin J.
Massell, J.), entered September 29, 2020. The judgment, after a nonjury trial, dismissed the
action.

ORDERED that the judgment is affirmed, without costs.
In this small claims action, plaintiff seeks to recover the principal sum of $2,600 from
defendant, which installed central air-conditioning at his home, based on defendant's alleged
failure to install the condenser of the air conditioner on a concrete pad that complied with the
Village of Williston Park code requirements. At a nonjury trial, defendant's president conceded
that defendant's work had not complied with the village code, but asserted that the installation
had been functionally adequate. Plaintiff introduced into evidence one estimate of the charges to
install a code-compliant concrete pad, and a separate estimate of the charges to uninstall his air
conditioning equipment and then reinstall it following the installation of a code-compliant pad.
Following the trial, the District Court dismissed the action.
In a small claims action, our review is limited to a determination of whether "substantial
justice has . . . been done between the parties according to the rules and principles of substantive
law" (UDCA 1807; see UDCA 1804; Ross v Friedman, 269 AD2d 584 [2000];
Williams v Roper, 269 AD2d 125, 126 [2000]). Under section 1804 of the Uniform
District Court Act, "An itemized bill or invoice, receipted or marked paid, or two itemized
estimates for services or repairs are admissible in evidence and are prima facie evidence of the
reasonable value and necessity of such services and repairs." Where multiple services or repairs
are required, in the [*2]absence of expert testimony to support a
claim (cf. Rodriguez v Mitch's
Transmission, 32 Misc 3d 126[A], 2011 NY Slip Op 51225[U] [App Term, 2d Dept, 9th
& 10th Jud Dists 2011]), a plaintiff is required to produce an itemized bill, receipted or
marked paid, or two itemized estimates, as evidence of the reasonable value and necessity of
each of the services or repairs for which he or she seeks a recovery (see Romero v North Shore Auto Repair,
Inc., 48 Misc 3d 136[A], 2015 NY Slip Op 51128[U] [App Term, 2d Dept, 9th &
10th Jud Dists 2015]; McWilliams v Matthews, 38 Misc 3d 131[A], 2012 NY Slip Op
52415[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2012]). Since, for each of the services
or repairs for which he sought a recovery, plaintiff failed to submit a paid bill or two estimates,
or to present expert testimony sufficient to establish the reasonable value and necessity of such
services and repairs, plaintiff failed to make out a prima facie case. Consequently, the judgment
dismissing the action rendered substantial justice between the parties (see UDCA 1804,
1807).
We do not consider any materials which are dehors the record (see Chimerios v Duhl,
152 AD2d 508 [1989]).
Accordingly, the judgment is affirmed.
RUDERMAN, P.J., EMERSON and DRISCOLL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 9, 2021