Williams & Georgia Towers HDFC v Green (2022 NY Slip Op 50773(U))

[*1]

Williams & Georgia Towers HDFC v Green

2022 NY Slip Op 50773(U) [76 Misc 3d 127(A)]

Decided on July 15, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 15, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MICHELLE WESTON, J.P., WAVNY TOUSSAINT, CHEREÉ A.
BUGGS, JJ

2021-254 K C

Williams and Georgia Towers HDFC,
Petitioner-Respondent, 
against
Belinda Green, Respondent, Donell Green, Respondent-Appellant, and
"Jane Doe," Undertenant. 

The Legal Aid Society (Anna Wettstein of counsel), for respondent-appellant.
Belinda Green, respondent pro se (no brief filed).
SDK Heiberger, LLP (Eric H. Kahan of counsel), for petitioner-respondent.

Appeal from a decision of the Civil Court of the City of New York, Kings County (Heela D.
Capell, J.), dated March 8, 2021, deemed from a final judgment of that court entered March 8,
2021 (see CPLR 5512 [a]). The final judgment, upon the decision, after a nonjury trial, awarded
landlord possession against Donell Green in a licensee summary proceeding.

ORDERED that the final judgment is affirmed, without costs. 
In this licensee proceeding (see RPAPL 713 [7]), landlord seeks to recover an
apartment located in a project-based, Section 8 building which is financed by the United States
Department of Housing and Urban Development. Landlord alleges that Donell Green (occupant)
entered into possession of the apartment as a licensee of his great-grandfather, who was the
tenant of record, and that occupant is no longer entitled to possession after tenant died in May
2019. After a nonjury trial, the Civil Court found that occupant had not established, by a
preponderance of the evidence, that he was entitled to succeed to the subsidized tenancy. We
affirm. 
In reviewing a determination made after a nonjury trial, this court gives substantial [*2]deference to the determination of a trier of fact as to issues of
credibility, as a trial court's opportunity to observe and evaluate the testimony and demeanor of
the witnesses affords it a better perspective from which to assess their credibility (see
Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499
[1983]; Hamilton v Blackwood, 85
AD3d 1116 [2011]; Zeltser v
Sacerdote, 52 AD3d 824, 826 [2008]).
Upon a review of the record, we find that the Civil Court properly concluded, based on its
credibility determination of occupant's witnesses and the undisputed fact that occupant was listed
on the project-based Section 8 family composition documentation for a different apartment in the
building complex during a portion of the two years prior to tenant's death, that occupant failed to
overcome the rebuttable presumption created by occupant's absence from the family composition
documentation for the subject apartment (see Los Tres Unidos Assoc., LP v Colon, 45 Misc 3d 129[A], 2014
NY Slip Op 51566[U] [App Term, 1st Dept 2014]; Marine Terrace Assoc. v Kesoglides, 44 Misc 3d 141[A], 2014 NY
Slip Op 51303[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]; 2013 Amsterdam Ave. Hous. Assoc. v
Estate of Wells, 10 Misc 3d 142[A], 2006 NY Slip Op 50084[U] [App Term, 1st Dept
2006]).
We note that we do not consider factual assertions and evidence which are dehors the record
(see Chimarios v Duhl, 152 AD2d 508 [1989]).
Accordingly, the final judgment is affirmed. 
WESTON, J.P., TOUSSAINT and BUGGS, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 15, 2022