Ueno v Massih (2023 NY Slip Op 50459(U))

[*1]

Ueno v Massih

2023 NY Slip Op 50459(U)

Decided on April 28, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 28, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, P.J., CHEREÉ A. BUGGS, LOURDES M. VENTURA, JJ

2022-996 K C

Mariko Ueno, Respondent, 
against
Kamil Massih, Appellant. 

Kamil Massih, appellant pro se.
Mariko Ueno, respondent pro se (no brief filed).

Appeal from a judgment of the Civil Court of the City of New York, Kings County (D. Bernadette Neckles, J.), entered August 8, 2022. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $900.

ORDERED that the judgment is affirmed, without costs.
Plaintiff commenced this small claims action to recover, as is relevant to this appeal, a $900 security deposit from defendant, her former landlord. Following a nonjury trial, the Civil Court awarded plaintiff a judgment in the principal sum of $900.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (CCA 1807; see CCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). Furthermore, the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126).
In general, a security deposit remains the property of the tenant (see General Obligations Law § 7-103) and, upon the tenant vacating the premises, must be returned to the tenant "absent proof, for example, that the tenant caused damage beyond that attributable to ordinary wear and tear" (Quijano v Rowinski, 64 Misc 3d 128[A], 2019 NY Slip Op 50990[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]; see Blansett v Zambrana, 74 Misc 3d 138[A], 2022 NY Slip Op 50310[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2022]). As defendant failed to demonstrate that any of the alleged damage that was beyond normal wear and tear was [*2]attributable to plaintiff's actions, we find that the judgment rendered substantial justice between the parties according to the rules and principles of substantive law (see CCA 1804, 1807). We note that defendant also failed to demonstrate compliance with General Obligations Law § 7-108 (1-a) (e).
This court does not consider factual assertions which are dehors the record (see Chimarios v Duhl, 152 AD2d 508 [1989]).
Accordingly, the judgment is affirmed.
TOUSSAINT, P.J., BUGGS and VENTURA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 28, 2023