Cabrera v Holguin

2026 NY Slip Op 50706(U)

April 30, 2026

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Digest-Index Classification: Unclassified

Lizandra Cabrera, Appellant,

v

Gisselle Holguin, Respondent.

Supreme Court, Appellate Term, Second Department, 9th And 10th Judicial Districts

Decided on April 30, 2026

2024-913 OR C

Present: : Gretchen Walsh, J.P., Joseph R. Conway, Maria S. Vazquez-Doles, JJ

Lizandra Cabrera, appellant pro se.

Gisselle Holguin, respondent pro se.

Appeal from a judgment of the City Court of Newburgh, Orange County (Anika C. Mohammed, J.), entered August 20, 2024. The judgment, upon plaintiff's failure to appear at a nonjury trial, awarded defendant the principal sum of $795.35 on her counterclaim and, in effect, dismissed plaintiff's cause of action.

[*1]

ORDERED that the appeal is dismissed.

In this small claims action, plaintiff sought the return of her security deposit in the amount of $1,282.98, and defendant counterclaimed to recover the principal sum of $1,632.18, representing the sum of damages to the vacated apartment, unpaid rent, and fees for conducting a smoke analysis, after deducting the amount of the security deposit. Upon plaintiff's failure to appear for trial, defendant presented various documents to the court in support of her counterclaim, including an email notifying plaintiff of the deductions that were made to her security deposit, and requesting payment of $795.35, as the security deposit did not cover the total amount of the damages and unpaid rent. A judgment was subsequently entered in the City Court (Anika C. Mohammed, J.) on August 20, 2024 awarding defendant the principal sum of $795.35 and, in effect, dismissing plaintiff's cause of action.

On appeal, plaintiff alleges that she did not appear in court at 9:00 a.m. on August 19, 2024 when the small claims trial was held because she had received a notice in the mail scheduling the matter for 10:30 a.m., and that she had appeared in court at that time. We note that this court does not consider matters which are dehors the record (see Chimarios v Duhl, 152 AD2d 508 [1989]). As no appeal lies from a judgment entered upon the default of the appealing party (see CPLR 5511; Benitez v Olson, 29 AD3d 503 [2006]; Nakagawa v Jiang, 84 Misc 3d 135[A], 2024 NY Slip Op 51815[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2024]), the appeal is dismissed. We note that plaintiff may move in the City Court to vacate the default judgment if she be so advised (see Squadron, Ellenoff, Plesent, Sheinfeld & Sorkin, LLP v Mazzella, 262 AD2d 15, 16 [1999]).

WALSH, J.P., CONWAY and VAZQUEZ-DOLES, JJ., concur.

ENTER:

Jennifer Chan

Chief Clerk

Decision Date: April 30, 2026