Wallace v Cohen (2020 NY Slip Op 51114(U))

[*1]

Wallace v Cohen

2020 NY Slip Op 51114(U) [69 Misc 3d 126(A)]

Decided on September 4, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on September 4, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, BERNICE D.
SIEGAL, JJ

2018-2288 K C

Renee Wallace, Appellant, 
against
Frederic E. Cohen, Respondent. 

Renee Wallace, appellant pro se.
Mark E. Cohen, Esq., for respondent.

Appeal from a judgment of the Civil Court of the City of New York, Kings County (Richard
J. Montelione, J.), entered September 6, 2017. The judgment, after a nonjury trial, dismissed the
action.

ORDERED that the judgment is affirmed, without costs.
In this small claims action, plaintiff seeks to recover the sum of $5,000 based on a claim that
defendant rendered defective dental services. After a nonjury trial, the Civil Court found in favor
of defendant and dismissed the action.
In a small claims action, our review is limited to a determination of whether "substantial
justice has . . . been done between the parties according to the rules and principles of substantive
law" (CCA 1807; see CCA 1804; Ross v Friedman, 269 AD2d 584 [2000];
Williams v Roper, 269 AD2d 125 [2000]). Furthermore, the determination of a trier of
fact as to issues of credibility is given substantial deference, as a trial court's opportunity to
observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective
from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564
[1992]; Kincade v Kincade, 178 AD2d 510 [1991]). This deference applies with greater
force to judgments rendered in the small claims part of the court (see Williams v Roper,
269 AD2d at 126).
At trial, plaintiff was the sole witness on her behalf. As plaintiff failed to submit any expert
testimony, which is generally required in a dental malpractice action (see Blum v Yuabov, 12 Misc 3d
139[A], 2006 NY Slip Op 51333[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2006]),
to support her contention that defendant had improperly performed dental services, plaintiff
failed to establish defendant's liability. Plaintiff also failed to establish that she was owed any
money for any dental procedure that had not been performed by defendant.
We note that certain documents included in plaintiff's brief are dehors the record and were
not considered (see Chimarios v Duhl, 152 AD2d 508 [1989]).
In view of the foregoing, the judgment dismissing the action rendered substantial justice
between the parties (see CCA 1804, 1807).
Accordingly, the judgment is affirmed.
ALIOTTA, P.J., WESTON and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: September 4, 2020