Dynamic Auto Works & Sales, Inc. v City Wide Constr. & Renovation, Inc. (2021
NY Slip Op 50320(U))

[*1]

Dynamic Auto Works & Sales, Inc. v City Wide Constr. & 
Renovation, Inc.

2021 NY Slip Op 50320(U) [71 Misc 3d 132(A)]

Decided on April 15, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on April 15, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TERRY JANE RUDERMAN, P.J., ELIZABETH H. EMERSON, TIMOTHY
S. DRISCOLL, JJ

2019-1802 N C

Dynamic Auto Works & Sales, Inc.,
Respondent,
against
City Wide Construction & Renovation, Inc., Appellant and
Nadeem Anwar, Defendant. 

City Wide Construction & Renovation, Inc., appellant pro se.
Dynamic Auto Works & Sales, Inc., respondent pro se (no brief filed).

Appeal from a judgment of the District Court of Nassau County, Second District (Gary M.
Carlton, J.), entered August 5, 2019. The judgment, insofar as appealed from, after a nonjury
trial, awarded plaintiff the principal sum of $1,675 as against defendant City Wide Construction
& Renovation, Inc.

ORDERED that the judgment, insofar as appealed from, is modified by reducing the amount
of the award in favor of plaintiff as against defendant City Wide Construction &
Renovation, Inc. to the principal sum of $1,323.89; as so modified, the judgment is affirmed,
without costs.
In this commercial claims action, plaintiff seeks to recover the principal sum of $1,675,
based on the failure of defendants City Wide Construction & Renovation, Inc. (City Wide)
and Nadeem Anwar to pay $1,400 for repairs that plaintiff performed on City Wide's vehicle,
plus $275 in legal fees.
At a nonjury trial, plaintiff's owner testified that, in August 2018, after City Wide's vehicle
broke down, City Wide's vice-president, defendant Anwar, had asked him to have the vehicle
towed to plaintiff's automobile repair shop, where a technician determined that the fuel pump and
fuel regulator had previously been replaced with "after-market" parts which had malfunctioned in
City Wide's Ford vehicle and should be replaced with Ford parts. He said he had provided that
information by telephone to Mr. Anwar, who had orally authorized plaintiff to make the repair,
following which plaintiff had ordered the required parts from a Ford dealer and performed the
repair. Plaintiff's August 18, 2018 invoice which, plaintiff's owner testified, had been left on the
dashboard of City Wide's vehicle, reflected charges for towing, parts, labor, and tax that totaled
$1,323.89.
Mr. Anwar did not dispute that he had asked plaintiff to tow City Wide's vehicle to plaintiff's
shop, but testified that he had not authorized plaintiff to make the repairs, denied that plaintiff
had provided him with an invoice until March 2019, and claimed, in effect, that the repairs had
been inadequate because the vehicle had broken down again shortly after plaintiff's repair. In
support of this claim, he introduced into evidence a paid bill for $500, dated August 22, 2018,
from a different repair shop, which was for the replacement of the vehicle's battery and alternator.
Following the trial, the District Court awarded plaintiff the principal sum of $1,675 as against
defendant City Wide and dismissed the action against defendant Anwar. City Wide appeals.
In a commercial claims action, our review is limited to determining whether "substantial
justice has . . . been done between the parties according to the rules and principles of substantive
law" (UDCA 1807-A [a]; see UDCA 1804-A; Ross v Friedman, 269 AD2d 584
[2000]; Williams v Roper, 269 AD2d 125 [2000]). The determination of a trier of fact as
to issues of credibility is given substantial deference, as a trial court's opportunity to observe and
evaluate the testimony and demeanor of the witnesses affords it a better perspective from which
to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992];
Kincade v Kincade, 178 AD2d 510 [1991]). The deference normally accorded to the
credibility determinations of a trial court applies with greater force in the Commercial Claims
Part of the court, given the limited scope of review (see Williams v Roper, 269 AD2d at
126).
The court implicitly credited the testimony of plaintiff's owner, that Mr. Anwar had
authorized plaintiff to repair defendant's vehicle, and that plaintiff had placed a copy of its
invoice on the dashboard of the vehicle. The evidence defendants presented, that within days of
plaintiff's repair, City Wide had replaced the vehicle's battery and alternator, had no bearing on
the adequacy of plaintiff's repairs to the vehicle's fuel system. To the extent that the District
Court's judgment awarded payment of plaintiff's invoice in the sum of $1,323.89 for towing,
parts, labor and tax, we conclude that it rendered substantial justice between the parties (see
UDCA 1807-A [a]; 1804-A). However, to the extent that the judgment may have included an
award for legal fees for which there was no basis (see Congel v Malfitano, 31 NY3d 272,
290-291 [2018]; Matter of A.G. Ship Maintenance Corp. v Lezak, 69 NY2d 1, 5 [1986]),
or otherwise exceeded the $1,323.89 amount of the invoice, it failed to render substantial justice
between the parties.
We reach no issues which are raised for the first time on appeal (see Chimarios v
Duhl, 152 AD2d 508 [1989]).
Accordingly, the judgment, insofar as appealed from, is modified by reducing the amount of
the award in favor of plaintiff as against defendant City Wide Construction & Renovation,
Inc. to the principal sum of $1,323.89.
RUDERMAN, P.J., EMERSON and DRISCOLL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 15, 2021